**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ROBERT J. KING, individually and on behalf of
others similarly situated,

                               *Plaintiff,*

                 v.

WAL-MART STORES, INC., a Delaware
Corporation; the Wal-Mart Retirement Plans
Committee; and JOHN/JANE DOES 1-15,

                          *Defendants.*

CIVIL ACTION

NO. 2:07-CV-01486-WY

## ORDER

      AND NOW, this _____ day of _____, 2007, upon

consideration of the Motion To Dismiss of defendants the Wal-Mart Retirement Plans

Committee and its members and plaintiff's response thereto, it is hereby ORDERED that the

Motion is hereby GRANTED and plaintiff's complaint is DISMISSED WITH PREJUDICE.

                       BY THE COURT:

                                         _____
                                         William H. Yohn, Jr., J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ROBERT J. KING, individually and on behalf of
others similarly situated,

                       *Plaintiff,*

             v.

WAL-MART STORES, INC., a Delaware
Corporation; the Wal-Mart Retirement Plans
Committee; and JOHN/JANE DOES 1-15,

                       *Defendants.*

CIVIL ACTION

NO. 2:07-CV-01486-WY

---

**MOTION TO DISMISS OF DEFENDANTS THE
WAL-MART RETIREMENT PLANS COMMITTEE
AND ITS MEMBERS**

---

Defendants the Wal-Mart Retirement Plans Committee and its members

(identified in the Complaint as John/Jane Does 1-15) (collectively the "Committee Defendants")

hereby move to dismiss the complaint with prejudice pursuant to Rules 12(b)(1) and 12(b)(6) of

the Federal Rules of Civil Procedure.  The grounds for this motion are as follows:

      1.     The complaint should be dismissed pursuant to Rule 12(b)(1) for lack of

subject matter jurisdiction because:

            (a)     the claims in the complaint are not ripe for adjudication; and

            (b)     plaintiff has not alleged an injury in fact and thus lacks standing.

2. The complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted as to the Committee Defendants because:

(a) the complaint does not plead with sufficient specificity the bases for the relief sought;

(b) there is no substantive basis for the relief sought under the Employee Retirement Income Security Act of 1974 ("ERISA");

(c) the individual members of the Committee are neither named nor *de facto* fiduciaries of the ERISA benefit plan at issue; and

(d) although the claims have been brought derivatively on behalf of the plan, plaintiff has neither made a demand on the Committee as required nor alleged any excuse for not doing so.

In support of their motion, the Committee Defendants rely on the exhibits attached hereto and the accompanying memorandum of law.

WHEREFORE, the Committee Defendants respectfully request the Court to grant this Motion and enter the attached proposed form of Order.

Respectfully submitted,

/s/ Deena Jo Schneider
Timothy K. Lewis (I.D. No. 32199)
Deena Jo Schneider (I.D. No. 20184)
Jennifer DuFault James (I.D. No. 65052)

*Attorneys for Defendants*
*the Wal-Mart Retirement Plans Committee*
*and its Members*

SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania  19103§
(215) 751-2166

Dated:  August 2, 2007.

# Exhibit A

# Civil Docket Report

## Case Description

| | |
|---|---|
| **Case ID:** | 040803757 |
| **Case Caption:** | HUMMEL VS WAL-MART STORES INC ETAL |
| **Filing Date:** | Monday , August 30th, 2004 |
| **Court:** | CL - CLASS ACTION |
| **Location:** | CH - City Hall |
| **Jury:** | J - JURY |
| **Case Type:** | C1 - CLASS ACTION |
| **Status:** | WSJVP - JURY VERDICT FOR PLAINTIFF |

## Related Cases

020303127

## Case Event Schedule

| Event | Date/Time | Room | Location | Judge |
|---|---|---|---|---|
| MOTION ASSIGNED | 13-OCT-2006 09:00 AM | City Hall | Courtroom 246 City Hall | BERNSTEIN, MARK |
| POST TRIAL MOTION ASSIGNED | 31-OCT-2006 03:09 PM | City Hall | Courtroom 246 City Hall | BERNSTEIN, MARK |
| MOTION HEARING | 27-FEB-2007 09:30 AM | City Hall | Courtroom 246 City Hall | BERNSTEIN, MARK |
| MOTION HEARING | 27-FEB-2007 09:30 AM | City Hall | Courtroom 246 City Hall | BERNSTEIN, MARK |

## Case Parties

| Seq # | Assoc | Expn Date | Type | ID | Name |
|---|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | A21471 | SEARLES, DAVID A |
| **Address:** DONOVAN SEARLES, LLC 1845 WALNUT ST SUITE 1100 PHILADELPHIA PA | | | **Aliases:** none | | |

| 30-OCT-2006 09:52 AM | MTDOM - MOTION FOR DELAY DAMAGES | BRAUN, MICHELLE | |
|---|---|---|---|
| **Docket Entry:** | 55-06102055 PLAINTIFFS' MOTION FOR THE COURT TO ASSESS INTEREST ON DAMAGE AMOUNTS AWARDED FOR THE PERIOD OF MARCH 19, 1998 THROUGH DECEMBER 31, 2001 FILED. | | |
| | | | |
| 30-OCT-2006 02:39 PM | PTTMF - POST TRIAL MOTION FILED | | |
| **Docket Entry:** | MOTION FOR POST TRIAL RELIEF FILED. (FILED BY DEF., SAMS CLUB AND WAL-MART). | | |
| | | | |
| 31-OCT-2006 11:54 AM | MRDUD - MOTION RESPONSE DATE UPDATED | | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 31-OCT-2006 11:54 AM | MRDUD - MOTION RESPONSE DATE UPDATED | | |
| **Docket Entry:** | 55-06102055 MOTION FOR DELAY DAMAGES RESPONSE DATE UPDATED TO 11/20/06. | | |
| | | | |
| 31-OCT-2006 03:08 PM | PTTMA - POST TRIAL MOTION ASSIGNED | | |
| **Docket Entry:** | MOTION FOR POST-TRIAL RELIEF OF DEFENDANTS WAL-MART STORES, INC. AND SAM'S CLUB ASSIGNED TO JUDGE BERNSTEIN, 10-31-06. | | |
| | | | |
| 20-NOV-2006 08:38 AM | MTANS - ANSWER (MOTION/PETITION) FILED | | |
| **Docket Entry:** | 55-06102055 ANS FILED TO MOTION FOR THE COURT TO ASSESS INTEREST ON DAMAGE AMOUNTS AWARDED FOR THE PERIOD OF MARCH 19, 1998 THROUGH DECEMBER 31, 2001. (FILED BY DEF., WALMART STORES INC AND SAM'S EAST, INC). | | |
| | | | |
| 20-NOV-2006 08:41 AM | MTANS - ANSWER (MOTION/PETITION) FILED | | |
| **Docket** | 11-06100611 ANS FILED TO MOTION FOR AWARD OF LIQUIDATED | | |

| | | | |
|---|---|---|---|
| **Entry:** | DFTS FILED. | | |
| | | | |
| 22-MAY-2007 08:46 AM | STENO - STENOGRAPHER'S NOTES FILED | | |
| **Docket Entry:** | 2 VOLUME(S) OF NOTES TAKEN ON FEB 7, 2007 BEFORE JUDGE BERNSTEIN. | | |
| | | | |
| 30-MAY-2007 09:05 AM | MTANS - ANSWER (MOTION/PETITION) FILED | | |
| **Docket Entry:** | 52-07102052 PLAINTIFF'S MICHELLE BRAUN & DOLORES HUMMEL'S RESPONSE TO DEFENDANTS MEMORANDUM ON BURDEN OF PROOF FOR ATTORNEYS FEES AND IN RESPONSE TO PLAINTIFFS' SUPPLEMENTAL FEE INFORMATION. | | |

# Exhibit B

# CALIFORNIA APPELLATE COURTS

Case Information



Welcome

Search

E-mail

Calendar

Help

Opinions



C|C
home

## 1st Appellate District

Change court ▾

Court data last updated: 08/02/2007 01:05 PM

**Case Summary**   **Docket**   **Scheduled Actions**   **Briefs**
**Disposition**   **Parties and Attorneys**   **Trial Court**

## Docket (Register of Actions)

**Savaglio et al. v. Wal-Mart Stores Inc. et al.**
**Division 4**
**Case Number <u>A116458</u>**

| Date | Description | Notes |
|---|---|---|
| 01/18/2007 | Notice of appeal lodged/received. | Wal-Mart Stores Inc., et al.; 12/27/06 |
| 01/18/2007 | Notified parties of local rules and procedures. | |
| 01/18/2007 | Filing fee. | Wheels of Justice; check |
| 01/18/2007 | Received: | aplnt's designation of RT; 01/05/07 |
| 01/22/2007 | Certificate of interested entities or persons filed by: | appellants, Wal-Mart Stores, Inc. and Sam's West, Inc. (received @ 1DCA on 1-5-07; filed on 1-22-07 in Div. 4) |
| 01/22/2007 | Filed proof of service. | for the case screening form, mediation form, copy of local rule 3.5, and the certificate of interested entities or persons. (received @ the 1DCA on 1-5-07; filed on 1-22-07 in Div. 4) |
| 01/23/2007 | Notice to reporter to prepare transcript. | sent to CSR's T. Rosette, S. Shepard, L. Skaggs, Ro. O.Brien, D. Dyer, T. Tolson, M. Gardiner, K. Lyons, Z. Bailey, A. Peretti dated 1/11/07. Txs due 3/11/07. |
| 01/24/2007 | Proposed briefing sequence filed by: | Stipulation. AOB of Wal-Mart, et al. 60 days from filing of RT; X-AOB & RBF of Savaglio, et al. 60 days from filing of AOB; X-RBF & ARB of Wal-Mart, et al. to 60 days from filing of X-AOB; X-ARB of Savaglio, et al. to 60 days from filing of X-RBF & ARB (to court) |
| 02/02/2007 | Mail returned and re-sent. | filing fee receipt & notices to atty Poon; re-sent to same street address, this time with law firm name; |
| 02/06/2007 | Civil case information statement filed. | here |
| 02/28/2007 | Proposed briefing sequence filed by: | stipulation; identical to earlier one filed; see 1-24-07 below; |
| | Court reporter | by CSR Teri Rosette to 4/11/07. |

| | | |
|---|---|---|
| 03/16/2007 | extension requested. | |
| 03/20/2007 | Court reporter extension granted. | |
| 03/21/2007 | Stipulation filed to: | re amended briefing schedule; to court for approval; |
| 04/26/2007 | Order filed. | amended briefing sequence: Wal-Mart's aob later of (a) 60 days after reporter's transcript filing or (b) 8-4-07; Savaglio's rb/x-aob 60 days after aob; Wal-Mart's arb/x-rb 60 days; Savaglio's x-arb 60 days; |
| 05/18/2007 | Filed document entitled: | notice of change of firm name; new: Furth Lehmann LLP; |
| 06/22/2007 | Motion filed. | consolidate appeals & increase word limit; for A116548, A116459, A116886; |
| 06/26/2007 | Notice of record completion received. | |
| 06/26/2007 | Opposition filed. | oppo to increase word limit; for A116458/A116459/A116886; |
| 06/27/2007 | Reply filed to: | reply to oppo to application to increase word limit; for A116458/A116459/A116886; |
| 06/27/2007 | Record on appeal filed. | r-40 r-1 sealed (vol 29) r-1 master index |
| 06/27/2007 | Record in box. | 2 boxes |
| 07/12/2007 | Order filed. | On the court's motion, appeals A116458, A116459 and A116886 are hereby consolidated for purposes of briefing, any oral argument, and decision. As to the consolidated briefing, the following word count maximums shall apply: Wal-Mart et al.'s opening brief: 20,000 words; Savaglio et al.'s respondents'/cross-appellants' brief: 32,000 words; Wal-Mart et al.'s reply/cross-respondents' brief: 32,000 words; Savaglio et al.'s cross-reply brief: 20,000 words. Wal-Mart et al.'s motion, filed June 22, 2007, is denied. |

**Click here** to request automatic e-mail notifications about this case.

© 2004 Judicial Council of California

# CALIFORNIA APPELLATE COURTS

Case Information



Welcome

Search

E-mail

Calendar

Help

Opinions



home

## 1st Appellate District

Change court ▼

Court data last updated: 08/02/2007 01:05 PM

**Case Summary   Docket   Scheduled Actions   Briefs
Disposition   Parties and Attorneys   Trial Court**

## Docket (Register of Actions)

**Savaglio et al. v. Wal-Mart Stores Inc. et al.**
**Division 4**
**Case Number A116459**

| Date | Description | Notes |
|------|-------------|-------|
| 01/18/2007 | Notice of appeal lodged/received. | Andrea Savaglio, et al.; 01/03/07 |
| 01/18/2007 | Notified parties of local rules and procedures. | |
| 01/18/2007 | Filing fee. | Furth Firm; check |
| 01/11/2007 | Certificate of interested entities or persons filed by: | appellants. |
| 01/23/2007 | Notice to reporter to prepare transcript. | sent to CSR Teri Rosette dated 1/12/07. Txs due 2/12/07. |
| 01/24/2007 | Proposed briefing sequence filed by: | Stipulation. AOB of Wal-Mart, et al. 60 days from filing of RT; X-AOB & RBF of Savaglio, et al. 60 days from filing of AOB; X-RBF & ARB of Wal-Mart, et al. to 60 days from filing of X-AOB; X-ARB of Savaglio, et al. to 60 days from filing of X-RBF & ARB (to court) |
| 02/06/2007 | Civil case information statement filed. | to court |
| 02/16/2007 | Certificate of interested entities or persons filed by: | Cross-Appellants and Plaintiffs Andrea Savaglio, et al. |
| 02/28/2007 | Proposed briefing sequence filed by: | stipulation; identical to earlier one filed; see 1-24-07 below; |
| 03/16/2007 | Court reporter extension requested. | by CSR Teri Rosette to 4/12/07. |
| 03/20/2007 | Court reporter extension | |

| | | granted. |
|---|---|---|
| 03/21/2007 | Stipulation filed to: | re briefing schedule; to court for approval; |
| 04/26/2007 | Order filed. | amended briefing sequence: Wal-Mart's aob later of (a) 60 days after reporter's transcript filing or (b) 8-4-07; Savaglio's rb/x-aob 60 days after aob; Wal-Mart's arb/x-rb 60 days; Savaglio's x-arb 60 days; |
| 05/18/2007 | Filed change of firm name. | Furth Lehmann & Grant LLP advises the Court and all parties the firm's new name is Furth Lehmann LLP. (attorneys for appellants Andreas Savaglio, James Davis, Jerrilyn Newland, and Charlotte Johnson) |
| 06/22/2007 | Motion filed. | consolidate appeals & increase word limit; for A116548, A116459, A116886; |
| 06/26/2007 | Notice of record completion received. | |
| 06/26/2007 | Opposition filed. | oppo to increase word limit; for A116458/A116459/A116886; |
| 06/27/2007 | Reply filed to: | reply to oppo to application to increase word limit; for A116458/A116459/A116886; |
| 06/27/2007 | Record on appeal filed. | r-5 |
| 07/12/2007 | Order filed. | On the court's motion, appeals A116458, A116459 and A116886 are hereby consolidated for purposes of briefing, any oral argument, and decision. As to the consolidated briefing, the following word count maximums shall apply: Wal-Mart et al.'s opening brief: 20,000 words; Savaglio et al.'s respondents'/cross-appellants' brief: 32,000 words; Wal-Mart et al.'s reply/cross-respondents' brief: 32,000 words; Savaglio et al.'s cross-reply: 20,000 words. Wal-Mart et al.'s motion, filed June 22, 2007, is denied. |

**Click here to request automatic e-mail notifications about this case.**

©2004 Judicial Council of California

# CALIFORNIA APPELLATE COURTS

Case Information



| | |
|---|---|
| Welcome | **1st Appellate District** |
| Search | Court data last updated: 08/02/2007 01:05 PM |
| E-mail | |
| Calendar | **Case Summary   Docket   Scheduled Actions   Briefs** |
| Help | **Disposition   Parties and Attorneys   Trial Court** |
| Opinions | |

Change court ▾



home

## Docket (Register of Actions)

**Savaglio et al. v. Wal-Mart Stores et al.**
**Division 4**
**Case Number A116886**

| Date | Description | Notes |
|---|---|---|
| 03/01/2007 | Notice of appeal lodged/received. | Wal-Mart and Sam's West;01/31/07 election 8.124' designation or Rt |
| 03/01/2007 | Notified parties of local rules and procedures. | |
| 03/01/2007 | Filing fee. | Wheels of Justice;check |
| 03/01/2007 | 70 day letter sent (rule 8.124). | |
| 03/01/2007 | Notice per rule 8.124 - with reporter's transcript. | |
| 03/01/2007 | Notice of appeal lodged/received. | x-appeal Andrea Savglio et al;02/09/07 election 8.124 designation rt |
| 03/01/2007 | Filing fee. | x-apeal Furth Firm;check |
| 03/06/2007 | Civil case information statement filed. | X-appeal 02/09/07 filed by atty Jessica Grant for x-aplts (Andrea Savaglio) w/a copy of the order attached. |
| 03/06/2007 | Civil case information statement filed. | by atty Theodore Boutrous for aplts (Wal-Mart Stores, Inc and Sam's West, Inc) w/a copy of the order attached.(As to appeal filed 1/31/07) |
| 03/07/2007 | Certificate of interested entities or persons filed by: | Wal-Mart Stores and Sam's West, Inc. (rec'd 2-9-07 @ 1DCA; entered 3-7-07) |
| 02/28/2007 | Proposed briefing sequence filed by: | stipulation; aob 60 days after rt; rb/x-aob 60 days; arb/x-rb 60 days; x-arb 60 days; |
| 03/21/2007 | Stipulation filed to: | re amended briefing schedule; to court for approval; |
| 03/27/2007 | Notice to reporter to prepare transcript. | sent to CSR's Shirley Payne and Shelley Hinch dated 3/22/07. Txs due 4/22/07. |

| | | |
|---|---|---|
| 04/26/2007 | Order filed. | amended briefing sequence: Wal-Mart's aob later of (a) 60 days after reporter's transcript filing or (b) 8-4-07; Savaglio's rb/x-aob 60 days after aob; Wal-Mart's arb/x-rb 60 days; Savaglio's x-arb 60 days; |
| 05/29/2007 | Court reporter extension requested. | by CSR Teri Rosette to 5/11/07. |
| 05/18/2007 | Filed document entitled: | notice of change of firm name; new: Furth Lehmann LLP; |
| 06/22/2007 | Motion filed. | consolidate appeals & increase word limit; for A116548, A116459, A116886; |
| 06/26/2007 | Notice of record completion received. | |
| 06/26/2007 | Opposition filed. | oppo to increase word limit; for A116458/A116459/A116886; |
| 06/27/2007 | Reply filed to: | reply to oppo to application to increase word limit; for A116458/A116459/A116886; |
| 06/27/2007 | Record on appeal filed. | r-40 r-1 sealed (vol 29) r-1 master index |
| 07/09/2007 | Record in box. | 2 boxes filed in A116458 |
| 07/12/2007 | Order filed. | On the court's motion, appeals A116458, A116459 and A116886 are hereby consolidated for purposes of briefing, any oral argument, and decision. As to the consolidated briefing, the following word count maximums shall apply: Wal-Mart et al.'s opening brief: 20,000 words; Savaglio et al.'s respondents'/cross-appellants' brief: 32,000 words; Wal-Mart et al.'s reply/cross-respondents' brief: 32,000 words; Savaglio et al.'s cross-reply brief: 20,000 words. Wal-Mart et al.'s motion, filed June 22, 2007, is denied. |

**Click here to request automatic e-mail notifications about this case.**

©2004 Judicial Council of California

# Exhibit C

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :   Civil No.:

                       : 

         v.           :   (Judge _____)

                       : 

WAL-MART STORES, INC.          :

## CONSENT DECREE AND ORDER

AND NOW, the Court finds as follows:

1.   This action is brought by the United States of America, on behalf of its agency, Immigration and Customs Enforcement, seeking equitable relief pursuant to Title 8, United States Code, Section 1324a (f)(2), to enjoin, prevent, and deter the employment of unauthorized aliens by contractors employed by the defendant, **WAL-MART STORES, INC.**, its subsidiaries, divisions, and affiliates (hereinafter referred to as "**WAL-MART**").

2.   Title 8, United States Code, Section 1324a prohibits persons and entities from knowingly hiring, recruiting, or continuing to employ aliens who are not legally authorized under federal law to work within the United States,   **See** 8 United States Code, Section 1324a(a)(1)-(2); and

3.   The defendant, **WAL-MART**, is a Delaware corporation headquartered in Bentonville, Arkansas, which operates more than 3,000 retail stores, 500 SAM'S Wholesale Clubs, 50 Neighborhood

1

Markets, and distribution centers throughout the United States and around the world, including stores within the Middle District of Pennsylvania, and directly employs world-wide approximately 1,600,000 associates.

4.   In addition to its own employees, from 1998 through 2003, **WAL-MART**, acting through its store managers, used independent contractors to provide floor cleaning services to many of its stores in the Middle District of Pennsylvania and elsewhere.

5.   At various times between 1998 and 2003, as many as 1,000 **WAL-MART** stores used independent contractors to provide cleaning services to the stores which **WAL-MART** operated in the Middle District of Pennsylvania and elsewhere.  By October 2003, approximately 700 **WAL-MART** stores used independent contractors to provide these store cleaning services.

6.   Beginning in 1998 and continuing through October 2003, enforcement actions undertaken by Special Agents of the Immigration and Naturalization Service and its successor agency, Immigration and Customs Enforcement, against floor cleaning contractors performing cleaning services at various **WAL-MART** stores in the Middle District of Pennsylvania and elsewhere documented that independent contractors used by **WAL-MART** to provide floor cleaning services were knowingly hiring,

2

3

recruiting, and employing unauthorized aliens in violation of Title 8, United States Code, Section 1324a.

7.    These enforcement actions culminated on October 23, 2003, when Immigration enforcement actions at approximately 61 **WAL-MART** stores in the Middle District of Pennsylvania and elsewhere apprehended approximately 245 unauthorized, undocumented aliens employed by independent cleaning service contractors at **WAL-MART** stores located in 21 states.

8.    Following this enforcement action, **WAL-MART** notified the United States of its intention to take steps, including, but not limited to, a series of corrective actions to ensure that independent contractors working for **WAL-MART** comply with all aspects of federal laws governing the employment of illegal aliens.

9.    Following a thorough investigation, the United States concluded that federal criminal proceedings against **WAL-MART**, its directors, officers, or employees would not be appropriate.

10.   The United States and **WAL-MART** entered into a Stipulation in Compromise dated the _____ day of _____, 200_, which is a global settlement resolving all criminal, civil, and administrative actions and is binding on all components of

4

the United States Department of Justice and the Department of Homeland Security.

11.   In accordance with the Stipulation in Compromise executed by the parties, it is ordered as follows:

A.   **WAL-MART**, acting either directly or through independent contractors used by **WAL-MART**, is permanently enjoined from knowingly hiring, recruiting, and continuing to employ aliens who are not legally authorized to work within the United States.

B.   **WAL-MART** is directed to continue to cooperate with the United States in its investigation of alleged illegal employment practices by independent cleaning contractors previously used by **WAL-MART**. **WAL-MART** understands and agrees that complete and truthful cooperation is a material condition of this Agreement. Cooperation shall include providing all information known to **WAL-MART** regarding any criminal activity, involving employment of illegal aliens, including but not limited to the matters described in this Agreement.  Cooperation will also include complying with all reasonable instructions from the United States, regarding interviews of **WAL-MART** personnel by investigators and attorneys at such reasonable times and places to be determined by counsel for the United States and to testifying fully and truthfully before any grand juries,

5

hearings, trials, or any other proceedings where this testimony
is deemed by the United States to be relevant.

     C.   **WAL-MART** is directed to maintain its own established,
on-going and pre-existing program of taking reasonable steps to
ensure that associates employed by **WAL-MART** are authorized to
work within the United States, while continuing to ensure Wal-
Mart's compliance with pertinent anti-discrimination laws.

     D.   **WAL-MART** is directed to establish as part of its
compliance programs a means to verify that independent
contractors used by **WAL-MART** are also taking reasonable steps to
comply with immigration laws in their employment practices and
cooperate truthfully with any investigation of these matters.
**WAL-MART** shall have eighteen months from the date of this
Agreement and Decree to develop compliance guidelines for
independent contractors.

     E.   **WAL-MART** is directed to provide all of its store
managers and future store managers with training regarding their
legal obligations to prevent the knowing hiring, recruitment, and
continued employment of unauthorized aliens while complying with
pertinent anti-discrimination laws.  Such training will be
provided to all **WAL-MART** store managers within eighteen months of

6

the filing of the Complaint and the entry of this Court Order pursuant to the terms of the Stipulation in Compromise.

F.   **WAL-MART** is directed to make a payment of $11,000,000 through the United States Attorney's Office to the Treasury Forfeiture Fund for the purpose of promoting future law enforcement programs and activities in this field by Immigration and Customs Enforcement.

G.   That the Consent Decree and Order entered approving this Stipulation in Compromise is a global settlement binding all components of the United States Department of Justice and Department of Homeland Security, relating to the matters set forth in Paragraph G of the Stipulation in Compromise filed in this case.

H.   That the Consent Decree and Order entered in this matter terminate on the fifth anniversary of the date the Order is entered by the United States Court for the Middle District of Pennsylvania.

I.   This court retains jurisdiction to enforce this agreement, Consent Decree, and injunction.

7

SO ORDERED this _____ day of _____, 2005.

_____
UNITED STATES DISTRICT JUDGE

# Exhibit D

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF ARKANSAS**

**FT. SMITH DIVISION**

| | |
|---|---|
| ELAINE L. CHAO,<br>Secretary of Labor,<br>United States Department of Labor,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WAL-MART STORES, INC.,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　Case No.: 07-2007<br>)<br>)<br>)<br>)<br>) |

## CONSENT JUDGMENT

Plaintiff, Elaine L. Chao, Secretary of Labor, United States Department of Labor ("Plaintiff"), filed a Complaint alleging violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. ("FLSA" or the "Act"). Defendant, Wal-Mart Stores, Inc., including Sam's Club ("Defendant"), acknowledges receipt of the Complaint and waives service.

Prior to the filing of the Complaint, Defendant voluntarily contacted the United States Department of Labor and sought its assistance to resolve the potential violations of the FLSA outlined in the Complaint; issue back wage payments to affected employees; and implement appropriate corrective measures designed to prevent any potential violations from occurring in the future.

1.

Defendant expressly denies any liability for the allegations set forth in the Complaint, any wrongdoing and liability whatsoever under the FLSA or any other law, or that any of the facts that Plaintiff has alleged or could have alleged are true. However, this does not preclude the Department of Labor from relying on this Judgment in any future enforcement action, including any action alleging repeat or willful violations of the FLSA.

Defendant, having appeared by counsel, agrees to the entry of this Judgment; now, therefore, upon motion of the attorney for Plaintiff, and for cause shown, it is

ORDERED, ADJUDGED and DECREED that Defendant, its officers, agents, servants, employees, and all persons acting or claiming to act on its behalf and interest are permanently enjoined and restrained from violating the provisions of the FLSA, in any of the following manners listed in Sections I and II below:

I.

Defendant shall not, contrary to sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), employ any employees classified as non-exempt (hereinafter referred to as "employees") who in any workweek are engaged in commerce or in the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than 40 hours, unless such employees receive compensation for their employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which they are employed.

2

## II.

Defendant shall not fail to make, keep, and preserve records of the appropriate regular rates of its employees and of the wages, hours, and other conditions and practices of employment maintained by Defendant as prescribed by the regulations at 29 C.F.R. Part 516, issued pursuant to section 11(c) of the Act, 29 U.S.C. § 211(c). Such records shall be maintained at the relevant facilities or in common central records storage locations as permitted by the regulations at 29 C.F.R. Part 516.

## III.

Defendant shall not use this Consent Judgment as a defense to any action brought pursuant to 29 U.S.C. § 216(b), except for any action, or a portion of any action, that seeks back wages or liquidated damages for any employee named in Amended Exhibit A (as provided in Paragraph V) to the Complaint for the following violations:

(a) Failing to pay certain salaried, non-exempt managers-in-training, programmers-in-training, and interns who received a predetermined salary for 45 or 48 hours of work each week an overtime premium for hours worked over 40 in a workweek, up to the number of salaried hours worked (for example, an employee receiving a salary for 45 hours of work a week would not be paid an overtime premium for hours worked between 40 and 45 hours);

(b) Calculating the regular rate on a bi-weekly basis rather than on a weekly basis, resulting in a lower regular rate than the employee was due;

(c) Including hours and pay for vacation, sick leave, and other paid time off in calculating the regular rate, resulting in a lower regular rate than the employee was due;

3

(d)  Failing to properly include Geographic Assistance Program (GAP) and Regional Pay Zone (RPZ) pay in calculating the regular rate; and

(e)  Excluding the amounts of certain prizes, awards, premium payments and incentive bonuses when calculating the regular rate.  These amounts are reflected in Defendant's payroll records as "Deductions and Other Earnings" codes: "09, Other Pay"; "44, Incentive Bonus"; "46, Fire Brigade"; "80, Home Office Hourly Incentive" ; "C4, Success Share California Vision/Optical Mgr"; "C5, Success Share California PCM/PCCM Incent"; "C6, Success Share California Asst Pharmacy Mgr"; "C7, Success Share California Pharmacy Mgr"; "C8, Success Share California Success Sharing Sam's Field"; "C9, Success Share California TLE Manager"; "SP, Sam's Plus Mbr Incentive"; and "W-2, Myshare Incentive."

Defendant shall not use this Consent Judgment as a defense to any action or any part of an action, alleging that work was performed by any of Defendant's employees that was not recorded in Defendant's payroll records, even if the alleged violations of unrecorded work also result in any of the violations described in paragraphs (a) through (e) above.

## IV.

Defendant has attested that it is aware of no other pending actions under the FLSA alleging the conduct described in Section III above, that it is currently in compliance with the provisions of the FLSA with respect to the violations and conduct described in Section III above, and that it intends to remain in compliance.

4

V.

The Court finding, as agreed to by Defendant, that employees are due (1) compensation in the amount of $33,484,499.65, which represents the unpaid overtime compensation hereby found to be due, for the period from February 1, 2002 to January 5, 2007, as shown in Exhibit A, which is incorporated in and made a part hereof (with the Defendant agreeing to cooperate with Plaintiff to resolve promptly any inadvertent errors or omissions in Exhibit A), (2) additional amounts which Defendant will compute using the agreed upon methodology representing the unpaid overtime compensation due to employees for work during the period from January 6, 2007 through January 19, 2007 and prejudgment interest under 26 U.S.C. § 6621 for the period from February 1, 2002 through the date of entry of this Judgment, and (3) post judgment interest on such amounts for a period of 90 days from entry of this Judgment, it is

ORDERED, ADJUDGED and DECREED that Defendant is restrained from withholding payment of this unpaid overtime compensation and pre and post judgment interest.

Within 45 days from the entry of this Judgment, Defendant will make an additional back wage computation for eligible employees , using the agreed upon methodology, to determine unpaid overtime compensation due for work during the period from January 6, 2007 through January 19, 2007 and to correct any inadvertent errors or omissions in Exhibit A. Defendant also will compute, using the agreed upon methodology, the prejudgment interest under 26 U.S.C. § 6621 due all eligible employees for the period from February 1, 2002 through the date of entry of this Judgment, and post judgment interest for a period of 90 days following entry of the Judgment. Within 45 days after the entry of this Judgment, Defendant will provide, for Plaintiff's review and approval, a "flat file" of

5

the kind previously provided to, and approved by, Plaintiff reflecting the additional back wage and interest computations Defendant made. Plaintiff and Defendant will jointly prepare and file an Amended Exhibit A with the Court when the computations are finalized.

Defendant will retain a third party administrator to disburse funds to eligible employees. Within 45 days from the submission of Amended Exhibit A to the Court, Defendant, by its administrator, will mail to the last known address of current and former living employees who are listed in Amended Exhibit A the respective sums they are due using the agreed upon methodology, including pre and post judgment interest, less appropriate lawful deductions.

Within 45 days from the submission of Amended Exhibit A to the Court, Defendant, by its administrator, will mail to the last known addresses of deceased employees documents necessary to disburse the funds to the estates of deceased employees. Within 30 days from the administrator's receipt of such documents from the authorized representatives of the estates, Defendant, by its administrator, will mail to the authorized representatives of deceased employees' estates the respective sums (including pre and post judgment interest) they are due using the agreed upon methodology for the period from February 1, 2002 to January 19, 2007, less appropriate lawful deductions, if any.

Defendant will set up a web site for a period of at least twelve months following the date of entry of this Judgment in order to answer current and former employees' questions regarding the back wages and inform employees about the website. Defendant will also set up and staff a toll free telephone number for a period of 120 days following the date of entry of this Judgment to answer current and former employees' questions regarding the back wages.

6

As of December 28, 2006, Defendant attempted to confirm the current addresses as of November 10, 2006 of all former employees who are eligible to receive a back wage payments, utilizing the services of Experion. The confirmed addresses for all former employees listed in Amended Exhibit A will be posted on Defendant's website, with appropriate privacy safeguards, as of the date of entry of this Judgment. Former employees will be able to update/change their mailing address on Defendant's website. Whenever any checks to former employees are returned as undeliverable within 10 months of the entry of this Judgment, a mutually agreeable search service will be used by Defendant to locate the former employees. The obligation to use such a search service shall not apply to any former employee due less than $100 in gross FLSA back wages. Defendant will issue checks for back wages, and pre and post judgment interest to any former employees who are subsequently located after entry of this Judgment, no later than 30 days after each such former employee is located.

Defendant shall remain responsible for the employer's share of F.I.C.A. arising from or related to the back wages distributed.

Defendant will keep a record of all back wage and interest payments made, including each check or electronic transfer number, the gross amount of each payment, the net amount of each payment, the date each payment was made, and the date each payment cleared the bank. Defendant will retain proof of payment information to include bank statements, verification of electronic fund transfers, and the ability to access or obtain copies of cancelled checks for a period of five years and will provide copies of any of these documents to Plaintiff within 45 days upon written request from Plaintiff.

7

Within 60 days after issuance of the checks, Defendant will provide Plaintiff with a "flat file" of the kind described above, listing all employees in Amended Exhibit A for whom Defendant has received evidence of payment. This "flat file" will include, at a minimum, the following data fields: first name, middle initial, last name, nine character social security number, ten character date of birth, last known street address, city, state, country, five character zip code, the number of the location the employee last worked in, hire date, first pay period end date, last pay period end date, status of employment, hourly rate of pay, total FLSA back wage amount due, interest amount due, total amount paid by Defendant, the type of proof of payment Defendant received, and the date Defendant received the proof of payment. Subsequent unique "flat files" containing the same information fields will be submitted to the Plaintiff every 30 days and will contain all employees in Amended Exhibit A for whom Defendant has subsequently received evidence of payment. "Flat files" submitted to Plaintiff which contain proof of payment information will be unique files with no duplication of employees on subsequent file submissions.

Twelve months after entry of this Judgment, Defendant shall provide a "flat file" of the kind described above listing all employees in Amended Exhibit A for whom back wages were unclaimed because they were not located or they refused to accept back wages and interest. This "flat file" will include one additional field of data for each living employee listed (and any deceased employee for whom deductions were made): the net amount due for each employee.

Twelve months after entry of this Judgment, the net amount of any back wages and pre and post judgment interest that remains unclaimed by the living employees named in Amended Exhibit A and the net or gross amount, as appropriate, of any back wages and pre and post judgment interest

8

which were not distributed to deceased employees' estates or negotiated by authorized representatives of the deceased employees' estates shall be forwarded to Plaintiff by means of a single check made payable to "Wage and Hour Division – Labor." Defendant shall tender this check to the United States Department of Labor, P.O. Box 880905, Dallas, TX 75388-0905. A copy of this check will be provided to Patricia Lewis, Regional Operations Manager, 525 South Griffin Street, Room 800, Dallas, Texas, 75202, at the time the check is remitted. If recovered wages have not been claimed by the employee or the employee's estate within three years, the Secretary of Labor shall deposit such money with the Treasurer of the United States.

Defendant shall not, under any circumstances, accept and keep any amount returned to it by a person owed compensation under this Judgment. Any such amount shall be paid to Plaintiff as provided above.

By entering into this Judgment, Plaintiff does not waive its right to conduct future investigations under the FLSA and to take appropriate enforcement action, including assessment of civil money penalties, with respect to any violations disclosed by such investigations.

It is further ORDERED, ADJUDGED and DECREED that the instant action is deemed to cover the period to January 19, 2007 for employees listed in Amended Exhibit A. The parties therefore agree that the filing of this action and provisions of this Judgment shall not prejudice or preclude the legal rights of the Secretary of Labor or of any employees of Defendant in any action filed by the Secretary of Labor or by such employees under the Act covering conduct described in Section III above alleged to have occurred after January 19, 2007.

It is further ORDERED, ADJUDGED and DECREED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding.

Dated _____ Jan  2 5 _____ /2007.

_____
Honorable ROBERT T. DAWSON
United States District Judge

Plaintiff moves for entry of
this Judgment:


JONATHAN L. SNARE
Acting Solicitor of Labor


_____
WILLIAM E. EVERHEART
Regional Solicitor
Texas Bar No. 06745000


_____
MARGARET TERRY CRANFORD
Counsel for Wage and Hour
Texas Bar No. 19799480

Attorneys for Plaintiff


**U. S. DISTRICT COURT**
**WESTERN DISTRICT ARKANSAS**
**FILED**

**JAN 2 5 2007**

CHRIS R. JOHNSON, CLERK

BY _____ DEPUTY CLERK

10

Defendant hereby consents to this Judgment
This 25ᵗʰ day of _January_ , 2007.

WAL-MART STORES, INC.

By: _Thomas A. Mars_

THOMAS A. MARS
Senior Vice President & General Counsel
Wal-Mart Stores, Inc.
702 Southwest 8th Street
Bentonville, AR 72716-0215
(479) 273-4505

LISA A. SCHRETER
Attorney for Defendant
GA Bar Number 629852
Littler Mendelson, PC
3348 Peachtree Road, NE
Suite 1100
Atlanta, GA 30326-1008
(404) 233-0330

PAUL K. HOLMES, III
Attorney for Defendant
AR Bar Number 78073
Warner, Smith and Harris
400 Rogers Avenue
Fort Smith, AR 72901
(479) 782-6041

# Exhibit E

## ARTICLE IX
## ADMINISTRATION

**9.1    Establishment of Committee.**

(a)    The Compensation and Nominating Committee of the Board of Directors of Wal-Mart Stores, Inc. (the "Board") shall appoint not less than three (3) nor more than ten (10) persons to serve as the Retirement Plans Committee (the "Committee"). The Committee shall meet and assume its duties on an "as-needed" basis and shall enact such rules and regulations as it may deem necessary and proper to implement the Plan. Each member of the Committee may, but need not, be a director, officer, or Employee of the Company, and each shall serve until his or her successor shall be appointed in like manner. Any member of the Committee may resign by delivering written resignation to the Committee. The Compensation and Nominating Committee of the Board may remove any member by so notifying the member and other Committee members in writing.

(b)    The Committee shall be the "Named Fiduciary" of the Plan and generally shall be responsible for the management, interpretation and administration of the Plan. The Committee shall have discretionary authority with respect to the determination of benefits under the Plan and the construction and interpretation of Plan provisions. In addition, the Committee shall:

(1)    Determine the names of those Employees who are eligible to participate, together with their Compensation, Hours of Service, Beneficiary designations, Termination of Employment and such other matters as may be necessary to determine a Participant's benefits under the Plan;

(2)    Establish procedures for allocation of responsibilities among fiduciaries of the Plan and Trust which are not allocated herein or in the Trust Agreement;

(3)    Establish a written investment policy subject to the approval of the Compensation and Nominating Committee of the Board of Directors of Wal-Mart Stores, Inc., including a participant directed investment policy under Section 404(c) of the Act;

(4)    With respect to any Participant, determine the amount of any benefits payable under the Plan; and

(5)    Perform such other functions and take such other actions as may be required by the Plan or may be necessary or advisable to accomplish the purposes of the Plan.

(c)    The Trustee may rely without question upon any certificates, notices, directions or other documents received from the Committee or any person designated in writing by the Committee as having the authority to act on behalf of the Committee. The Company shall furnish the Committee with all data and information available to such

Company which the Committee may reasonably require in order to perform its function hereunder. The Committee may rely without questions upon any such data or information furnished by any Company.

## 9.2   Agents.

The Committee may appoint a secretary who may, but need not, be a member of the Committee, and may employ such agents (who shall not be fiduciaries), for clerical and other services, and such counsel, accountants and actuaries as may be required for the purpose of administering the Plan.

## 9.3   Committee Procedures.

A majority of the members of the Committee shall constitute a quorum for the transaction of business. No action shall be taken except upon a majority vote of the Committee members. An individual shall not vote or decide upon any matter relating solely to himself or herself or vote in any case in which his or her individual right or claim to any benefit under the Plan is specifically involved. If, in any case in which a Committee member is so disqualified to act, the remaining members cannot agree, the Compensation and Nominating Committee of the Board of Directors of Wal-Mart Stores, Inc. shall appoint a temporary substitute member to exercise all of the powers of the disqualified member concerning the matter in which he or she is disqualified.

## 9.4   Allocation and Delegation of Duties.

(a)   The Committee shall have the authority to allocate, from time to time, by instrument in writing filed in its records, all or any part of its respective responsibilities under the Plan to one or more of its members as may be deemed advisable, and in the same manner to revoke such allocation of responsibilities. In the exercise of such allocated responsibilities, any action of the member to whom responsibilities are allocated shall have the same force and effect for all purposes hereunder as if such action had been taken by the Committee. The Committee shall not be liable for any acts or omissions of such member. The member to whom responsibilities have been allocated shall periodically report to the Committee concerning the discharge of the allocated responsibilities.

(b)   The Committee shall have the authority to delegate, from time to time, by written instrument filed in its records, all or any part of its responsibilities under the Plan to such person or persons as the Committee may deem advisable (and may authorize such person to delegate such responsibilities to such other person or persons as the Committee shall authorize) and in the same manner to revoke any such delegation of responsibility. Any action of the delegate in the exercise of such delegated responsibilities shall have the same force and effect for all purposes hereunder as if such action had been taken by the Committee. The Committee shall not be liable for any acts or omissions of any such delegate. The delegate shall periodically report to the Committee concerning the discharge of the delegated responsibilities.

### 9.5    Plan Administrator.

Wal-Mart Stores, Inc. shall be the administrator of the Plan, as defined in Section 3(16)(A) of the Act, and shall be responsible for the performance of all reporting and disclosure obligations under the Act, and all other obligations required to be performed by the plan administrator under the Act or the Code, except such obligations and responsibilities delegated herein, or in the Trust, to the Committee, Trustee or such other person or entity. Wal-Mart Stores, Inc. shall be the designated agent for service of legal process with respect to the Plan and Trust.

### 9.6    Claims Procedure.

(a)    An Employee, Former Employee, Participant or Beneficiary who believes he or she is entitled to a benefit which he or she has not received may file a claim in writing with the Committee or its designee. The Committee or its designee may require a claimant to submit additional information if necessary to process the claim. The Committee or its designee shall review the claim and render its decision within ninety (90) days from the date the claim is filed, unless special circumstances require an extension of time for processing the claim. If such an extension is required, written notice of the extension shall be furnished the claimant within the initial ninety (90) day period. The notice shall indicate the special circumstances requiring the extension and the date by which the Committee or its designee expects to reach a decision on the claim. In no event shall the extension exceed a period of ninety (90) days from the end of the initial period.

(b)    If the Committee or its designee denies a claim, in whole or in part, it shall provide the claimant with written notice of the denial within the period specified in subsection (a) or (b), as applicable. The notice shall be written in language calculated to be understood by the claimant, and shall include the following information:

(1)    The specific reason for such denial;

(2)    Specific reference to pertinent Plan provisions upon which the denial is based;

(3)    A description of any additional material or information which may be needed to clarify or perfect the request, and an explanation of why such information is required; and

(4)    An explanation of the Plan's review procedure with respect to the denial of benefits.

### 9.7    Claims Review Procedure.

Any claimant whose claim has been denied, in whole or in part, shall follow those review procedures as set forth herein.

- 53 -

(a)     A claimant whose claim has been denied, in whole or in part, may request a full and fair review of the claim by the Committee by making written request therefore within sixty (60) days of receipt of the notification of denial.  The Committee, for good cause shown, may extend the period during which the request may be filed.  The claimant shall be permitted to examine all documents pertinent to the claim and shall be permitted to submit issues and comments regarding the claim to the Committee in writing.

(b)     The Committee shall render its decision within sixty (60) days after receipt of the application for review, unless special circumstances (such as the need to hold a hearing) require an extension of time for processing, in which case the decision shall be rendered as soon as possible but not later than one hundred and twenty (120) days after receipt of a request for review.  If an extension of time is necessary, written notice shall be furnished the claimant before the extension period commences.

(c)     The Committee shall decide whether a hearing shall be held on the claim.  If so, it shall notify the claimant in writing of the time and place for the hearing.  Unless the claimant agrees to a shorter period, the hearing shall be scheduled at least fourteen (14) days after the date of the notice of hearing.  The claimant and/or the claimant's authorized representative may appear at any such hearing.  If the Committee does not notify the claimant that a hearing will be held or notifies the claimant that no hearing will be made, then no hearing shall be held.

(d)     The Committee shall send its decision on review to the claimant in writing within the time specified in this section.  If the claim is denied, in whole or in part, the decision shall specify the reasons for the denial in a manner calculated to be understood by the claimant, referring to the specific Plan provisions on which the decision is based.  The Committee shall not be restricted in its review to those provisions of the Plan cited in the original denial of the claim and shall have discretionary authority with respect to the determination of benefits under the Plan and of the constructions and interpretation of Plan provisions.  The decision of the Committee shall be final and binding upon the claimant and any person claiming benefits under the Plan on behalf or through the claimant.

## 9.8    Bonding.

Each Committee member, each person who is a fiduciary of the Plan and each person who handles funds of the Plan shall be bonded in an amount no less than amounts required by Section 412 of the Act and regulations issued thereunder.

## 9.9    Compensation and Expenses.

The members of the Committee and the Administrator shall serve without compensation; provided, however, that the Company may pay or reimburse such persons for any expenses reasonably incurred in the administration of the Plan.  If not so paid or reimbursed for such expenses, the Committee may direct the Trustee to make such payments from the assets in the Trust, including the Forfeiture Suspense Account and/or Participant Accounts (as provided in Section 4.3(d)).

- 54 -

### 9.10   Indemnification.

Wal-Mart Stores, Inc. shall indemnify each Committee member, each member of the Board, the CEO, the CFO, as well as any employee of Wal-Mart Stores, Inc. to whom the Committee or the Administrator has delegated any responsibility or work under the Plan, against any liability or loss sustained by reason of any act or failure to act made in good faith. Such indemnification shall include attorney's fees and other costs and expenses reasonably incurred in defense of any action brought by reason of any such act or failure to act.

# Exhibit F

### TOLLING AGREEMENT

This Tolling Agreement ("Agreement") is entered into this 1st day of August, 2007, by, between, and among Wal-Mart Stores, Inc. ("Wal-Mart") and the Wal-Mart Retirement Plans Committee, including the members thereof (collectively the "Committee") (together, the "Parties").

Whereas, Wal-Mart sponsors a 401(k) Profit Sharing and 401(k) Plan, a participant directed defined contribution retirement plan (the "Plan");

Whereas, under the terms of the Plan, Wal-Mart may, in its discretion, elect to contribute to the accounts of eligible participants a stated percent of the "Compensation" (as defined in Article 1.10 of the Plan document) of such participants;

Whereas, a lawsuit captioned *Robert J. King, etc. v. Wal-Mart Stores, Inc., Wal-Mart Retirement Plans Committee, and John/Jane Does 1-15*, No. 2:07-cv-01486-WY (E.D. PA.), has been brought asserting breach of fiduciary duties under the Employee Retirement Income Security Act of 1974 ("ERISA"), based on allegations that the Committee knew or should have known that Wal-Mart has allegedly engaged in certain wage and hours practices that have improperly decreased the amount of Compensation of Plan participants, and that this, in turn, caused Wal-Mart to underpay the amount of contributions due and owing, but the Committee failed to take sufficient steps to protect the interests of the Plan and its participants;

Whereas, there are currently pending against Wal-Mart various lawsuits asserting that the company has engaged in various wage and hour practices that have denied associates earned Compensation (the "Wage and Hour Cases"), a list of which Wage and Hour Cases pending on

the effective date of this Agreement will be prepared by Wal-Mart and provided to the Committee;

Whereas, Wal-Mart denies that it has engaged in any wage and hour practices that have improperly decreased the Compensation of eligible Plan participants and is vigorously defending the Wage and Hour Cases so asserting;

Whereas, the Committee believes that it may not have a right of action under ERISA to collect on behalf of the Plan delinquent contributions from Wal-Mart, as sponsor of the Plan;

Whereas, the Committee further believes that bringing such an action to collect delinquent contributions on behalf of the Plan at this time in these circumstances would not be an appropriate use of Plan assets given that (1) numerous Wage and Hour Cases have already been filed against Wal-Mart, (2) in any separate action on behalf of the Plan to collect delinquent contributions, the Committee would need to establish the very same alleged wage and hour improprieties currently being litigated in the pending Wage and Hour Cases, (3) pursuing such separate, duplicate litigation would be highly expensive, and (4) the Committee's right to sue Wal-Mart to collect the allegedly delinquent contributions on behalf of the Plan is not certain in any event;

Whereas, the Committee believes that this Agreement will protect the interest of the Plan and its participants from being prejudiced due to the passage of time.

Now, therefore, it is mutually agreed between Wal-Mart and the Committee as follows:

1.      As of the effective date of this Agreement, the statutes of limitations, laches periods, and similar periods of repose applicable to any claims, remedies, or causes of action the

Committee may now have against Wal-Mart for unpaid or delinquent contributions arising from the wage and hour practices referred to in the *King* litigation shall be tolled and shall remain tolled until terminated as provided in paragraph 3 herein (the "Tolling Period"). Notwithstanding the foregoing, this Agreement shall not constitute a waiver by Wal-Mart of any defense based upon any statute of limitation, laches period, or similar period of repose for any period prior to the effective date of this Agreement or after the termination of the Agreement (the "Preserved Statute of Limitations Defense"), but no such Preserved Statute of Limitations Defense may be based in whole or in part on any time within the Tolling Period.

2. Wal-Mart agrees that it will inform the Committee in writing within sixty (60) days of any final resolution (whether arrived at through litigation or other means) in any of the pending Wage and Hour Cases that results in payment of additional Compensation to Plan participants.

3. The tolling provided in this Agreement as to any particular claim, remedy, or cause of action that the Committee may now have with respect to particular wage and hour practices of Wal-Mart shall expire with respect to any specific Wage and Hour Case one year from the date of Wal-Mart's notification of the Committee pursuant to paragraph 2 of this Agreement of the final resolution of that specific Wage and Hour Case. The Parties may extend this one-year period as to any claim, remedy, or cause of action by written agreement to that effect.

4. By signing this Agreement, the Parties do not admit to the existence or merits of any dispute, claim, remedy, or cause of action, or any defense thereto.

5.     By signing this Agreement, the Parties agree that (a) the Committee does not waive any right to pursue any dispute, claim, remedy, or cause of action for unpaid or delinquent contributions to the Plan, and (b) Wal-Mart does not waive any defense thereto other than the tolling of the statute of limitations, laches period, or similar period of repose as specifically provided for in this Agreement, and expressly reserves all such other defenses.

6.     This Agreement represents the entire agreement between the Parties relating to the tolling of any statute of limitations, laches period, or similar period of repose or other similar defense relating to any dispute, claim, remedy, or cause of action described herein.

7.     The notification pursuant to paragraph 2 of this Agreement shall be provided by All notices required or permitted to be given with respect to this Agreement shall be in writing and shall be deemed made upon delivery.  Notices shall be delivered by hand or certified mail return receipt requested and shall be addressed as follows:

for Wal-Mart:

> Diana Liberto, Esquire
> Assistant General Counsel
> Wal-Mart Stores, Inc.
> 702 Southwest 8th Street
> Bentonville, AR  72716-0215

for the Committee:

> Vice President, Retirement and Savings Plans
> Wal-Mart Stores, Inc.
> 805 Moberly Lane
> Bentonville, AR  72716-0295

Either party may designate a different recipient of notice in accordance with this paragraph.

8.     Each person signing this Agreement represents that he or she is authorized and empowered to sign on behalf of and bind the party on whose behalf he or she has executed this Agreement.

9.     This Agreement may be signed in counterparts, each of which shall be deemed to be an original but all of which, taken together, shall constitute one and the same instrument.

10.     This Agreement shall be effective as of April 27, 2007.

11.     This Agreement will expire at 12 o'clock midnight on April 26, 2012, unless the parties have previously agreed in writing to extend the Agreement beyond that date.

Wal-Mart Stores, Inc.

By:     _____ w/perm. NBL

     Brian L. Duffy, Esquire
     Greenberg Traurig, LLP
     1200 17th Street, Suite 2400
     Denver, CO  80202
        *Counsel for Wal-Mart Stores, Inc.*


Wal-Mart Retirement Plans Committee

By:     _____

     David E. Kenty, Esquire
     Schnader Harrison Segal & Lewis LLP
     1600 Market Street, Suite 3600
     Philadelphia, PA  19103
        *Counsel for the Wal-Mart Retirement Plans Committee*

8.     Each person signing this Agreement represents that he or she is authorized and empowered to sign on behalf of and bind the party on whose behalf he or she has executed this Agreement.

9.     This Agreement may be signed in counterparts, each of which shall be deemed to be an original but all of which, taken together, shall constitute one and the same instrument.

10.    This Agreement shall be effective as of April 27, 2007.

11.    This Agreement will expire at 12 o'clock midnight on April 26, 2012, unless the parties have previously agreed in writing to extend the Agreement beyond that date.

Wal-Mart Stores, Inc.

By: _____
        Brian L. Duffy, Esquire
        Greenberg Traurig, LLP
        1200 17th Street, Suite 2400
        Denver, CO  80202
            *Counsel for Wal-Mart Stores, Inc.*


Wal-Mart Retirement Plans Committee

By: _____
        David E. Kenty, Esquire
        Schnader Harrison Segal & Lewis LLP
        1600 Market Street, Suite 3600
        Philadelphia, PA  19103
            *Counsel for the Wal-Mart Retirement Plans Committee*

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of August, 2007, I caused the foregoing

Motion To Dismiss of Defendants the Wal-Mart Retirement Plans Committee and its Members

with Exhibits in Support thereof, which has been filed with the Court electronically and is

available for viewing and downloading from the ECF Electronic Case Filing system, to be served

as follows:

Todd S. Collins, Esquire
Ellen Noteware, Esquire
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA  19103-6365
*(Via ECF Notification)*

Lynn Lincoln Sarko, Esquire
Keller Rohrback, LLP
1201 Third Avenue, Suite 3200
Seattle, WA  98101
*(Via First Class Mail)*

Ronald Kilgard, Esquire
Keller Rohrback, P.L.C.
CBIZ Plaza
3101 North Central Avenue
Suite 1400
Phoenix, Arizona  85012
*(Via ECF Notification)*

Ann Miller, Esquire
Ann Miller, LLC
The Benjamin Franklin
834 Chestnut Street, Suite 206
Philadelphia, PA  19107
*(Via ECF Notification )*

*Attorneys for Plaintiff Robert J. King, individually
and on behalf of others similarly situated*

-4-

William J. Kilberg, Esquire
Paul Blankenstein, Esquire
GIBSON, DUNN & CRUTCHER, LLP
1050 Connecticut Avenue N.W.
Washington, D.C.  20036
     *(Via ECF Notification and First Class Mail)*

Joseph C. Kohn, Esquire
Craig W. Hillwig, Esquire
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA  19107
     *(Via ECF Notification)*

     *Attorneys for Defendant Wal-Mart Stores, Inc.*


                     /s/ Deena Jo Schneider
                     Deena Jo Schneider

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ROBERT J. KING, individually and on behalf of others similarly situated, | : : : | |
| *Plaintiff,* | : : | CIVIL ACTION |
| v. | : : | NO. 2:07-CV-01486-WY |
| WAL-MART STORES, INC., a Delaware Corporation; the Wal-Mart Retirement Plans Committee; and JOHN/JANE DOES 1-15, | : : : : | |
| *Defendants.* | : : | |

## MEMORANDUM IN SUPPORT OF
## MOTION TO DISMISS OF DEFENDANTS THE
## WAL-MART RETIREMENT PLANS COMMITTEE
## AND ITS MEMBERS

Timothy K. Lewis (I.D. No. 32199)
Deena Jo Schneider (I.D. No. 20184)
Jennifer DuFault James (I.D. No. 65052)

*Attorneys for Defendants the*
*Wal-Mart Retirement Plans Committee*
*and its Members*

SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103
(215) 751-2400

*Of Counsel*

Dated: August 2, 2007.

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................... 1

ALLEGATIONS IN THE COMPLAINT ............................................................................. 3

ARGUMENT ................................................................................................................. 5

I.      The Complaint Should Be Dismissed as to the Committee
        Defendants Because It Is Premature ...................................................... 6

II.     The Complaint Should Be Dismissed as to the Committee Defendants
        Because It Does Not Plead Facts Plausibly Suggesting a Breach of
        Fiduciary Duty by Any of Them ............................................................ 9

        A.      A Complaint Must Allege Facts That Plausibly Suggest the
                Essential Elements of a Claim and May Not Rely on Labels
                and Conclusions ........................................................................ 9

        B.      The Complaint Does Not State a Claim for Relief Against
                the Committee Defendants Under the Applicable Standards ................... 11

        C.      The Magnitude of Plaintiff's Purported Claim Requires
                Strict Adherence to These Pleading Requirements ................................. 14

III.    The Complaint Should Be Dismissed as to the Committee Defendants
        Because It Fails To State a Claim for Relief Against Them Under
        ERISA .................................................................................................. 15

        A.      ERISA Provides No Cause of Action for the Committee
                Defendants To Collect Contributions from Wal-Mart on
                Behalf of the Plan ..................................................................... 15

        B.      The Individual Members of the Committee May Not Be
                Sued for Breach of Fiduciary Duty under ERISA ................................. 18

IV.     In Any Event, Plaintiff May Not Proceed Derivatively on Behalf
        of the Plan Absent a Demand or Allegation Demonstrating That a
        Demand Would Be Futile .......................................................................... 20

CONCLUSION ............................................................................................................ 25

## TABLE OF AUTHORITIES

CASES                                                                                          *Page*

*Amalgamated Bank v. Yost*, No. 2:04-CV-0972, 2005 U.S. Dist.
    LEXIS 1280 (E.D. Pa. Jan. 31, 2005) .................................................................5, 8

*Armstrong World Indust., Inc. v. Adams*, 961 F.2d 405 (3d Cir. 1992) ........................ 7

*Associated Gen. Contractors, Inc. v. California State Council of
    Carpenters*, 459 U.S. 519 (1983) ................................................................... 14

*Bell Atl. Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955 (2007) ....................................*passim*

*Blasband v. Rales*, 971 F.2d 1034 (3d Cir. 1992) ....................................... 24

*Bowen v. Massachusetts*, 487 U.S. 879 (1988) ........................................ 17

*Burstein v. Retirement Account Plan for Employees of Allegheny
    Health Educ. & Research Found.*, 334 F.3d 365 (3d Cir. 2003) .......................18, 19

*Central States, Southeast & Southwest Areas Pension Fund v. Central
    Transp., Inc.*, 472 U.S. 559 (1985) .................................................22

*Cipollone v. University of Pennsylvania*, No. 97-6565,
    1998 U.S. Dist. LEXIS 1153 (E.D. Pa. Feb. 3, 1998) ...........................7, 8, 9

*Confer v. Custom Eng'g Co.*, 952 F.2d 34 (3d Cir. 1991) ............................ 19

*Conley v. Gibson*, 355 U.S. 41 (1957) ................................................ 10

*Diduck v. Kaszycki & Sons Contractors, Inc.*, 974 F.2d 270
    (2d Cir. 1992) .......................................................................22

*Dura Pharm., Inc. v. Broudo*, 544 U.S. 336 (2005) .................................. 14

*Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204 (2002) ...................15, 17

*International Bhd. of Boilermakers v. Kelly*,
    815 F.2d 912 (3d Cir. 1987)) ..................................................... 7

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ................................. 6

*Lum v. Bank of America*, 361 F.3d 217 (3d Cir.), *cert denied*,
    543 U.S. 918 (2004) ................................................................ 19

*Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134 (1985) .................... 15

*McMahon v. McDowell*, 794 F.2d 100 (3d Cir.), *cert. denied*,
    479 U.S. 971 (1986).................................................................................22, 23

*Mortensen v. First Fed. Sav. & Loan Ass'n*,
    549 F.2d 884 (3d Cir. 1977)..........................................................................5

*NGS American, Inc. v. Jefferson*, 218 F.3d 519 (6th Cir. 2000) .................................17

*National R.R. Passenger Corp. v. National Ass'n of R.R. Passengers*,
    414 U.S. 453 (1974)......................................................................................18

*Nextel Communs. of the Mid-Atlantic, Inc. v. City of Margate*,
    305 F.3d 188 (3d Cir. 2002)..........................................................................7

*Papasan v. Allain*, 478 U.S. 265, 286 (1986)..............................................................10

*Payonk v. HMW Indus., Inc.*, 883 F.2d 221 (3d Cir. 1989).........................................15

*Pegram v. Herdrich*, 530 U.S. 211 (2000) ...................................................................5

*Philadelphia Fed'n of Teachers v. Ridge*, 150 F.3d 314 (3d Cir. 1998) .......................9

*Poland v. Caldwell*, Nos. 89-645 & 89-1255, 1990 U.S. Dist.
    LEXIS 13634 (E.D. Pa. Oct. 12, 1990)......................................................24

*Struble v. New Jersey Brewery Employees' Welfare Trust Fund*,
    732 F.2d 325 (3d Cir. 1984)..................................................................*passim*

*Thornton v. Evans*, 692 F.2d 1064 (7th Cir. 1982).....................................................22

*Tynes v. Pension Benefit Guar. Corp.*, No. 04-2725,
    2005 U.S. Dist. LEXIS 16037 (D.N.J. Aug. 2, 2005).................................7-8

CONSTITUTIONAL PROVISIONS,
STATUTES AND RULES

U.S. CONST. art. III § 2 ................................................................................................7

29 U.S.C. §§ 1101-1114 ..............................................................................................1

29 U.S.C. § 1102(21)(A) ............................................................................................18

29 U.S.C. § 1105(c)(1) ...............................................................................................18

29 U.S.C. § 1109 ........................................................................................................15

29 U.S.C. § 1132(a)(2) ..................................................................................... 3, 15

29 U.S.C. § 1132(a)(3) ................................................................................ 3, 15, 16

29 U.S.C. § 1132 (g)(2) ................................................................................. 15, 17

29 U.S.C. § 1145 .................................................................................................. 15

FED. R. CIV. P. 8(a) ................................................................................... 9, 10, 13

FED. R. CIV. P. 12(b)(1) ................................................................................ *passim*

FED. R. CIV. P. 12(b)(6) ................................................................................ *passim*

FED. R. CIV. P. 23.1 .......................................................................................... 22

## OTHER AUTHORITIES

GEORGE GLEASON BOGERT & GEORGE TAYLOR BOGERT,
    THE LAW OF TRUSTS & TRUSTEES §§ 592, 869 (2d ed. rev. 1980) ......................... 23

A. SCOTT, LAW OF TRUSTS § 282.1 (1967 & 2001 eds.) ........................................ 22, 23

CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE
    AND PROCEDURE § 1202 (3d ed. 2004) ....................................................... 9

### INTRODUCTION

In his purported class action complaint, plaintiff Robert King alleges that defendants the Wal-Mart Retirement Plans Committee ("the Committee") and its members[1] (collectively, the "Committee Defendants") breached their fiduciary duties to the Wal-Mart Profit Sharing and 404(k) Plan ("the Plan") under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1101-1114 (2006).  Specifically, the complaint alleges that the Committee Defendants did not adequately address alleged underpayment of contributions to the Plan by its sponsor, defendant Wal-Mart Stores, Inc. ("Wal-Mart"), which supposedly has engaged in certain wage and hour practices that have improperly depressed both the compensation paid to Plan participants and Plan contributions that are calculated based on that compensation.

Plaintiff's claims are not properly pleaded or brought and should be dismissed as to the Committee Defendants for the following reasons:

**_First_**, the Court lacks subject matter jurisdiction because this case is premature. The relief sought is stated to be contingent on the resolution of various wage and hour cases, which allege that Wal-Mart engaged in the conduct that plaintiff claims resulted in underpayment of contributions to the Plan.  Since these underlying cases have not been resolved, the claims here are not ripe.  Plaintiff also does not allege an injury in fact and therefore lacks standing.  Accordingly, the case should be dismissed under Rule 12(b)(1).

---

[1]     The complaint names the individual members of the Committee during the putative class period fictitiously as "John/Jane Does 1-15."  Complaint at ¶ 19.  This memorandum will refer to these defendants as the members of the Committee.

*Second*, the complaint fails to plead a claim upon which relief can be granted against the Committee Defendants with the requisite specificity.  The complaint does not allege that any of the Committee Defendants had the right (let alone the duty) to take steps to increase Wal-Mart's contributions to the Plan, nor does it suggest what steps any of them supposedly could or should have taken.  Instead, plaintiff merely recites various fiduciary duties under ERISA and baldly asserts that all defendants violated those duties.  This does not satisfy the pleading requirements of Rule 8(a), and the case should be dismissed as to the Committee Defendants under Rule 12(b)(6).

*Third*, the complaint fails to state a substantive claim upon which relief can be granted under ERISA.  Although the complaint alleges that the Committee Defendants should have taken some action to recover additional Plan contributions from Wal-Mart, ERISA does not afford a cause of action authorizing these Defendants to recover the alleged shortfalls, and there can be no breach of fiduciary duty for failing to take an action that is not permitted by law.  The individual members of the Committee also are not proper defendants because they are neither named nor *de facto* fiduciaries of the Plan.  For these reasons as well, the complaint should be dismissed as to the Committee Defendants under Rule 12(b)(6).

*Fourth*, assuming that plaintiff has a cause of action under ERISA, a Plan participant may not sue for breach of fiduciary duty on behalf of the Plan, in a derivative capacity, without first making a demand for action by the fiduciary or alleging that such a demand would be futile and is thus excused.  Plaintiff has done neither here, which is yet another basis for dismissing the action as to the Committee Defendants.

### ALLEGATIONS IN THE COMPLAINT

This case is a putative class action brought on behalf of the Plan, purportedly pursuant to §§ 502(a)(2) and (a)(3) of ERISA, 29 U.S.C. §§ 1132(a)(2) and (a)(3).  Complaint at ¶ 1.  Plaintiff is alleged to be an hourly worker employed at a Wal-Mart store located in Philadelphia, Pennsylvania, and a participant in the Plan.  *Id.* at ¶ 16.  Defendants are Wal-Mart, the sponsor of the Plan; the Committee, the administrator and named fiduciary of the Plan; and the individual members of the Committee from February 1, 1997 through the present.  *Id.* at ¶¶ 17-19, 80.  The Plan is a pension benefit plan covered by ERISA.  *Id.* at ¶ 20.

The factual averments in the complaint primarily concern purported conduct of Wal-Mart.  Plaintiff alleges that Wal-Mart has "claimed that it was contributing a certain percentage of Plan participants' salary and wages, when in reality it was contributing a materially lesser amount, calculating Company contributions based on fraudulently suppressed base wages."  Complaint at ¶ 39.  He details various alleged wage and hour practices (which he acknowledges Wal-Mart denies having engaged in) that supposedly have resulted in depressed wages and thus Plan contributions.  *Id.* at ¶¶ 4-6, 40-61.  The complaint asserts that there are 57 lawsuits throughout the county alleging wage and hour violations by Wal-Mart, but does not mention any final determination of any lawsuit in favor of Plan participants.  *Id.* at ¶ 63.  It seeks recovery of the losses to the Plan as a result of Wal-Mart's conduct, as well as declaratory, injunctive, and equitable relief and attorney's fees and costs.  *Id.* at ¶ 3, Prayer for Relief.

The complaint contains only a few averments specifically regarding the Committee Defendants.  It alleges that "the responsibility for operation and administration of the Plan (except for investment management and control of assets) is vested in the Committee."

Complaint at ¶ 24.  Plaintiff does not claim that the Committee Defendants participated in or had actual knowledge of Wal-Mart's alleged wage and hour practices, but that "Defendants" generally should have known about them based on an April 2004 New York Times article and the "sheer volume of litigation" against Wal-Mart.  *Id.* at ¶¶ 52, 64.  He then claims that "[d]espite this knowledge, and despite their position as Plan fiduciaries, Defendants did not take sufficient steps to address the problem and protect the Plan participants' retirement savings."  *Id.* at ¶ 64.

The complaint alleges that "[as] Plan fiduciaries, Defendants knew or should have known the correct amount of wages that Plan participants had earned" and "investigated the allegations of wage and salary improprieties and insisted that the Company contribute all amounts due to the Plan."  Complaint at ¶ 66; *see also id.* at 83.  However, it does not allege how any of the Committee Defendants possibly could have known "the correct amount of wages that Plan participants had earned" – especially when Wal-Mart's supposed conduct was "surreptitious," subject to "secrecy and concealment," and identifiable "only by a computer/statistical expert."  *Id.* at ¶¶ 51-52, 60.  Nor does the complaint set forth any specific steps that any of the Committee Defendants supposedly could or should have taken, or any authority for those steps.

The complaint also alleges that "in communications with Plan participants, Defendants addressed the issue of Company contributions to the Plan, but failed to disclose the significant underpayment of Company contributions."  Complaint at ¶ 65.  However, it does not identify any allegedly deficient communication by any of the Committee Defendants.

The complaint contains a variety of allegations regarding the fiduciary duties supposedly governing defendants generally under ERISA.  *See*, *e.g.*, Complaint at ¶¶ 31, 35, 38, 72-74, 76-78, 87-88, 95-96.  However, it does not allege how any of the Committee Defendants supposedly breached any such duty.

**ARGUMENT**

Plaintiff bears the burden of demonstrating that the court has subject matter jurisdiction over the action.  *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  As shown in Section I, plaintiff's claims are not ripe because they are admittedly based on the favorable resolution of the wage and hour cases against Wal-Mart – none of which has yet been finally resolved in favor of Plan participants.  Plaintiff also has not alleged injury and thus lacks standing.  Accordingly, he cannot establish subject matter jurisdiction, and the complaint should be dismissed under Rule 12(b)(1).

The complaint is also subject to dismissal as to the Committee Defendants for failure to state a claim under Rule 12(b)(6).  To state a claim for breach of fiduciary duty under ERISA, plaintiff must allege that:  (1) the defendant was a plan fiduciary; (2) the defendant's acts or omissions constituted a breach of duty; and (3) the breach caused harm to the plaintiff.  *See Pegram v. Herdrich*, 530 U.S. 211, 225-26 (2000).  The complaint here fails to state such a claim, even accepting as true all well-pleaded allegations of fact and all reasonable inferences that may be drawn therefrom.  *See Amalgamated Bank v. Yost*, No. 2:04-CV-0972, 2005 U.S. Dist. LEXIS 1280, at *8 (E.D. Pa. Jan. 31, 2005) (Yohn, J.).

As shown in Section II, the complaint does not allege that the Committee Defendants had the right to take action as asserted or that any of them engaged in any acts or

-5-

omissions that breached any recognized duty under ERISA.  (Plaintiff's failure to plead injury is shown in Section I.)  As shown in Section III, the complaint also fails to state a claim because ERISA provides no cause of action that the Committee Defendants could have pursued to require additional contributions to the Plan from Wal-Mart, and the individual members of the Committee are not fiduciaries subject to suit.  Finally, as shown in Section IV, in any event plaintiff failed to make a demand as required before he may sue on behalf of the Plan.

## I.    THE COMPLAINT SHOULD BE DISMISSED AS TO THE COMMITTEE DEFENDANTS BECAUSE IT IS PREMATURE.

Plaintiff's breach of fiduciary duty suit against the Committee Defendants is based on a pure contingency:  that at some point in time there may be a final determination that Wal-Mart has underpaid compensation to some undetermined associates, in some undetermined amount, and that therefore it has underpaid contributions to the Plan, also in some undetermined amount, on behalf of undetermined Plan participants.  The complaint acknowledges that the allegations concerning Wal-Mart's wage and hour conduct are being litigated in many lawsuits elsewhere and will not be resolved in this Court.  Absent any resolution of these underlying suits, on which plaintiff's claims here necessarily depend, his claims are not ripe and do not present a real and immediate controversy that confers subject matter jurisdiction.   Accordingly, the complaint should be dismissed under Rule 12(b)(1).[2]

---

[2]    The Committee Defendants incorporate by reference and join Section I of the Memorandum of Wal-Mart Stores, Inc. in Support of Motion to Dismiss ("Wal-Mart Memorandum") that the complaint should be dismissed for lack of subject matter jurisdiction because plaintiff has not alleged any underpayment in contributions to his own Plan account, nor can a reasonable inference to such an effect be made.  He thus has failed to allege the "injury in fact" that is an essential element of the Article III standing requirement.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

As the Court of Appeals for this Circuit noted in *Armstrong World Industries, Inc. v. Adams*, 961 F.2d 405 (3d Cir. 1992), Article III, section 2 of the United States Constitution limits federal jurisdiction to actual cases or controversies: that is, actions that do not seek advisory opinions, but rather that present "'(1) a legal controversy that is real and not hypothetical, (2) a legal controversy that affects an individual in a concrete manner so as to provide the factual predicate for reasoned adjudication, and (3) a legal controversy so as to sharpen the issues for judicial resolution.'" 961 F.2d at 410 (*quoting International Bhd. of Boilermakers v. Kelly*, 815 F.2d 912, 915 (3d Cir. 1987)). The case or controversy requirement has led to the development of various justiciability doctrines that further define the limits of federal jurisdiction, including the ripeness doctrine.

The ripeness doctrine is intended "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *Armstrong World Indus.*, 961 F.2d at 411. "Where the plaintiff's action is based on a contingency, it is unlikely that the parties' interests will be sufficiently adverse to give rise to a case or controversy within the meaning of Article III." *Id.* at 411-12; *see also Cipollone v. University of Pennsylvania*, No. 97-6565, 1998 U.S. Dist. LEXIS 1153, at *3-7 (E.D. Pa. Feb. 3, 1998). A claim that in turn relies on final disposition of underlying claims is not ripe for adjudication. *See, e.g., Nextel Communs. of the Mid-Atlantic, Inc. v. City of Margate*, 305 F.3d 188, 193 (3d Cir. 2002) (ordering action brought before underlying zoning appeals process had reached finality to be dismissed as premature).

Courts in this Circuit have applied the ripeness doctrine to dismiss ERISA claims for lack of subject matter jurisdiction because they were based on contingencies. *See, e.g., Tynes v. Pension Benefit Guar. Corp.*, No. 04-2725, 2005 U.S. Dist. LEXIS 16037, at *12, *13

(D.N.J. Aug. 2, 2005) (dismissing for lack of subject matter jurisdiction ERISA claim predicated on "pending state court litigation," the outcome of which could "alter or dissolve questions before this Court"); *Cipollone*, 1998 U.S. Dist. LEXIS 1153, at *3-7 (dismissing for lack of subject matter jurisdiction ERISA claim predicated on a contract that was not yet executed, even though defendant had entered into letter of intent and passed resolution approving contract).

Similarly, the allegations here are not sufficiently ripe for this case to proceed. The complaint does not allege a single final determination of a wage and hour violation that has impacted Plan contributions.  To the contrary, it acknowledges that Wal-Mart has denied engaging in the alleged practices, both in the press and in pending wage and hour litigations. *See, e.g.*, Complaint at ¶ 60.  Plaintiff mentions a few specific suits against Wal-Mart, but they either do not involve final determinations or did not involve payments of additional compensation to Plan participants based on the wage and hour practices alleged in the complaint that might support claims for additional contributions to the Plan.  *See id.* at ¶ 62.[3]  Despite his attempt to allege such determinations or payments as a virtual *fait accompli*, at present the underlying wage and hour claims constitute no more than allegations as to which Wal-Mart is mounting a vigorous defense. *See, e.g., id.* at ¶¶ 50, 60.

---

[3]      The Court may take judicial notice of the public proceedings alleged in paragraph 62 of the complaint.  *See Amalgamated Bank*, 2005 U.S. Dist. LEXIS 1280, at *9-10.  The October 2006 Pennsylvania jury verdict is currently the subject of post-trial motions, and the December 2005 California ruling is on appeal.  *See* Exhibits A, B.  (All exhibits cited in this memorandum are attached to the Committee Defendants' motion to dismiss.)  Thus, neither of these proceedings has been finally determined.  The two settlements are equally inapropos.  The March 2005 settlement involved independent contractor custodial workers, not associates alleged to be Plan participants.  *See* Exhibit C.  The 2007 Department of Labor settlement involved wage and hour practices entirely different from those alleged in the complaint here.  *See* Exhibit D at Section III.

Plaintiff thus has not demonstrated that the probability of the "feared future event" upon which his claim is predicated is "real and substantial." *Cipollone*, 1998 U.S. Dist. LEXIS 1153, at *5-6.  He also has not alleged any facts suggesting that he will suffer a hardship if the complaint is dismissed.  *See Philadelphia Fed'n of Teachers v. Ridge*, 150 F.3d 314, 323-25 (3d Cir. 1998).  Accordingly, on its face the complaint lacks subject matter jurisdiction and should be dismissed under Rule 12(b)(1).

## II. THE COMPLAINT SHOULD BE DISMISSED AS TO THE COMMITTEE DEFENDANTS BECAUSE IT DOES NOT PLEAD FACTS PLAUSIBLY SUGGESTING A BREACH OF FIDUCIARY DUTY BY ANY OF THEM.

Although the complaint attempts to set forth a claim for breach of fiduciary duty under ERISA, it does not state such a claim as to any of the Committee Defendants.  As to these Defendants, plaintiff merely alleges a hodge-podge of conclusory legal assertions about the duties owed by fiduciaries under ERISA.  Notably absent are any factual allegations imbuing those assertions with context or significance.  Such a complaint does not pass muster under federal pleading requirements, as was made clear in the recent decision by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S. Ct. 1955 (2007).  The complaint therefore should be dismissed under Rule 12(b)(6) for failure to state a claim.

### A. A Complaint Must Allege Facts That Plausibly Suggest the Essential Elements of a Claim and May Not Rely on Labels and Conclusions.

Rule 8(a) of the Federal Rules of Civil Procedure is often said to require "notice" rather than "fact" pleading.  *See, e.g.*, 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1202 (3d ed. 2004).  That is not to say, however, that a complaint

need plead no specifics at all to state a claim for relief.  The Supreme Court clarified in *Twombly* that sufficient factual pleading is an indispensable element of the Rule's "short and plain statement of the claim showing that the pleader is entitled to relief."  127 S. Ct. at 1964.

In *Twombly*, the Court re-examined and rejected the long-standing formulation of acceptable pleading under Rule 8(a), originally set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  127 S. Ct. at 1968.  In considering whether a complaint asserting violations of the Sherman Act sufficiently alleged a conspiracy, the Court concluded that "absent some factual context suggesting agreement, as distinct from identical, independent action," the complaint should be dismissed.  *Id.* at 1961.

The Court held in *Twombly* that the "need at the pleading stage for allegations plausibly suggesting (not merely consistent with)" the essential element of a claim "reflects the threshold requirement of Rule 8(a)(2) that the 'plain statement' possess enough heft to 'show that the pleader is entitled to some relief.'"  *Id.* at 1966.  The Court further held that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do so . . . ."  127 S. Ct. at 1964-65 (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

### B.     The Complaint Does Not State a Claim for Relief Against the Committee Defendants Under the Applicable Standards.

The complaint here does not and cannot satisfy these clearly articulated pleading requirements because it does not allege any breach of a recognized fiduciary duty owed by any of the Committee Defendants under ERISA.

Most fundamentally, the complaint does not allege that the Committee Defendants have either the duty or the right to extend their reach beyond existing Plan assets to collect additional contributions from Wal-Mart on behalf of the Plan.  It does not claim that the Committee Defendants mismanaged the contributions that were paid, but rather that they breached their fiduciary duties by not obtaining *more* contributions.  Plaintiff alleges that, despite constructive knowledge of Wal-Mart's alleged underpayment of wages, "Defendants did not take sufficient steps to address the problem and protect the Plan participants' retirement savings."  Complaint at ¶ 64.  That is, "Defendants should have investigated the allegations of wage and salary improprieties and insisted that the Company contribute all amounts due to the Plan."  *Id.* at ¶ 66.  These allegations refer to all defendants generally.

Significantly, ***the complaint does not specify any duty that any of the Committee Defendants had under ERISA to seek additional contributions to the Plan from Wal-Mart***.  To the contrary, it appears to acknowledge that all defendants' duties (including those of the Committee Defendants) are limited to the assets already in the Plan's control:  it alleges that defendants failed "to exercise all the required skill, care, prudence and diligence in *administering the Plan and the Plan's assets*" (Complaint at ¶ 2 (emphasis added)), and that defendants were required under ERISA "to *manage and administer the Plan and the Plan's assets* solely in the

interests of the Plan's participants and beneficiaries" (*id.* at ¶ 31 (emphasis added)).  Nowhere is it alleged that any defendant was either required or authorized by law to supplement the Plan's assets by seeking additional contributions.

This fatal omission cannot be cured as to the Committee Defendants through additional pleading because the duty that plaintiff alleges was breached simply does not exist as to them.  As explained in Section III.A, ERISA does not provide the Committee Defendants a cause of action against Wal-Mart as the sponsor of the Plan to seek additional contributions.  *See infra* pp. 15-18.  Nor does ERISA provide these Defendants a right to take some other action to seek additional Plan contributions from Wal-Mart.  The Committee's duties are to protect, preserve, and administer the assets that come into the Plan – not to supplement them.

The problems with the complaint go beyond this deficiency (which alone requires dismissal).  The pleading is essentially a grievance about Wal-Mart's wage and hour practices, coupled with lengthy summaries of the duties owed by fiduciaries under ERISA generally.  Just as the Supreme Court held that the complaint in *Twombly* had to be dismissed "absent some factual context suggesting agreement" (127 S. Ct. at 1961), this Court should hold that this complaint must be dismissed "absent some factual context suggesting" a breach of fiduciary duty.  No such factual context has been provided here.

The complaint mentions breach of various basic fiduciary duties imposed by ERISA:  (1) the duty of loyalty, to refrain from conflicts of interest (Complaint at ¶¶ 72, 87); (2) the duty of prudence, to discharge duties "with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent man, acting in a like capacity and familiar with such matters, would use" (*id.* at ¶¶ 73, 87-88); (3) the duty to disclose information and inform Plan

participants (*id.* at ¶¶ 74, 95-96); (4) the duty to conduct an independent investigation into the administration of the Plan (*id.* at ¶ 76); and (5) the duty of a co-fiduciary to refrain from knowingly participating in or concealing a breach committed by another fiduciary (*id.* at ¶ 78, 100).   While some of these allegations may be directed at the Committee Defendants, the complaint does not differentiate among them, or even between them and Wal-Mart, or specify what fiduciary duties each defendant owed and how each of them breached each such duty.

Plaintiff's recitation of breach of fiduciary duty is much like the "naked assertion of conspiracy" in *Twombly*:  "it gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility of 'entitlement to relief.'"  127 S. Ct. at 1966.  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id.* at 1965.  The factual allegations here are directed almost exclusively at purported conduct of Wal-Mart – not the Committee Defendants.  *See*, *e.g.*, Complaint at ¶¶ 4-6, 40-41, 44-63.  In short, the complaint exemplifies the sort of formulaic claim that the Supreme Court has soundly rejected as insufficient under Rule 8(a).[4]

---

[4]   Plaintiff's protest that he has inadequate information with which to formulate a legally sufficient complaint (*see* Complaint at ¶ 11) would render the dictates of *Twombly* and Rule 8(a) meaningless.  The allegations in the complaint make clear that plaintiff is in possession of the Plan documents and has investigated the wage and hour practices of Wal-Mart in some depth.  *See*, *e.g.*, *id.* at ¶¶ 20, 23-24, 28, 32, 35, 39-47.  It was incumbent upon him to conduct a comparable investigation of the Committee Defendants.  Presumably he did so and has pleaded as much as he is able.  However, it simply is not enough.

C.     The Magnitude of Plaintiff's Purported Claim Requires
        Strict Adherence to These Pleading Requirements.

The Supreme Court rested its holding in *Twombly* in part on the importance of dismissing complaints that do not meet the minimum pleading standards, "lest a plaintiff with 'a largely groundless claim' be allowed to 'take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value.'"  127 S. Ct. at 1966 (*quoting Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 347 (2005)).  Therefore, "'a district court must retain the power to insist upon some specificity in pleading before allowing a potentially massive factual controversy to proceed.'"   127 S. Ct. at 1967 (*quoting Associated Gen. Contractors, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 528 n.17 (1983)).

These principles are particularly apt here.  Although the complaint is not specific when it comes to the Committee Defendants' purported breaches of fiduciary duty, it describes at length the massive scope of plaintiff's purported claim.  It alleges that "[t]his action, brought on behalf of the Plan, seeks to recover tens or hundreds of millions of dollars of retirement savings" (Complaint at ¶ 3), covering a ten-year period "from February 1, 1997 through the present" (*id.* at ¶ 80), by a putative class that "numbers in the tens of thousands" geographically dispersed across the United States (*id.* at ¶ 81(a)).  The amount of discovery such claims surely would involve, were they allowed to proceed on these flimsy allegations, would be tremendous.

This is precisely the sort of "in terrorem" case that the Court in *Twombly* held should not be permitted to proceed on a "wholly conclusory statement of claim . . . whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery."  127 S. Ct. at 1968 (internal quotations omitted).  Accordingly, the complaint should be dismissed for lack of specificity and failure to state a claim.

III.   **THE COMPLAINT SHOULD BE DISMISSED AS TO THE COMMITTEE DEFENDANTS BECAUSE IT FAILS TO STATE A CLAIM FOR RELIEF AGAINST THEM UNDER ERISA.**

A.   **ERISA Provides No Cause of Action for the Committee Defendants To Collect Contributions from Wal-Mart on Behalf of the Plan.**

The gravamen of the complaint against the Committee Defendants appears to be that they should have taken action against Wal-Mart to recover allegedly unpaid contributions to the Plan.  *See* Complaint at ¶¶ 64, 66.  Plaintiff does not allege what action he believes these Defendants could or should have taken, but his suit is for breach of fiduciary duties under ERISA.  To the extent that the complaint may be read to suggest that one or more of the Committee Defendants should have sued Wal-Mart under ERISA for additional Plan contributions – which would be a very generous reading, considering the lack of specificity in the pleading about what action these Defendants should have taken – that claim has no basis in law and should be dismissed.

The Committee Defendants could bring suit on behalf of the Plan against Wal-Mart for additional contributions under ERISA only if the statute authorized such a cause of action.  It does not, and the Supreme Court has warned against "'tamper[ing] with [the] enforcement scheme' embodied in the statute by extending remedies not specifically authorized by its text."  *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 209 (2002) (*quoting Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 147 (1985)).  There are only three provisions of ERISA that permit certain fiduciaries under certain circumstances to bring suit, and none of them applies to the Committee Defendants.  This is a fundamental flaw in the complaint that cannot be cured.

Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), provides the only express right for fiduciaries to sue plan sponsors for contributions that have not been paid as required by Section 515, 29 U.S.C. § 1145.  Section 515, enacted as part of the Multiemployer Pension Plan Amendments Act of 1980 (the "MPPAA"), applies by its terms only to *multiemployer plans* – not single employer plans such as the Wal-Mart Plan.  *See* 29 U.S.C. § 1145; *see also Struble v. New Jersey Brewery Employees' Welfare Trust Fund*, 732 F.2d 325, 338 n.12 (3d Cir. 1984). Section 502(g)(2) does not create a right of action by a fiduciary to collect contributions for a single employer plan, such as the Plan here.  The Committee Defendants thus would not have a cause of action against Wal-Mart for allegedly unpaid contributions under Section 502(g)(2).

Nor would the Committee Defendants have a cause of action under either of the other two provisions of ERISA that authorize fiduciaries to bring suit:  Sections 502(a)(2) and (a)(3), 29 U.S.C. §§ 1132(a)(2) and (a)(3).

Section 502(a)(2) of ERISA authorizes a suit by a fiduciary against another *fiduciary* for violations of Section 409, 29 U.S.C. § 1109, which imposes liability for breaches of fiduciary duty with respect to an ERISA plan.  *See* 29 U.S.C. §§ 1109 and 1132(a)(2); *Russell*, 473 U.S. at 140-42.  However, a suit by the Committee Defendants against Wal-Mart for additional contributions to the Plan would be brought by them as fiduciaries against Wal-Mart as the plan sponsor, not Wal-Mart as a plan fiduciary.  *See Payonk v. HMW Indus., Inc.*, 883 F.2d 221, 225 (3d Cir. 1989); *see also* Section II of Wal-Mart Memorandum.  Therefore, it would not be authorized under Section 502(a)(2).

An action by the Committee Defendants against Wal-Mart likewise would not be authorized under Section 502(a)(3) of ERISA, because that provision only allows for suits

seeking equitable relief, and it is well-established that a suit for additional contributions is a claim for monetary – and thus legal rather than equitable – relief.  In *Great-West*, 534 U.S. at 210-11, the Supreme Court specifically rejected the argument that an injunction seeking to compel money past due under a contract constituted equitable relief under Section 502(a)(3); the Court rather held that a claim for money owed under an ERISA plan, like money owed under any contract, is "quintessentially an action at law."  The Court explained that actions seeking "to compel the defendant to pay a sum of money to the plan are suits for money damages, since they seek no more than compensation for loss resulting from defendant's breach of a legal duty."  *Id.* (*quoting Bowen v. Massachusetts*, 487 U.S. 879, 918-19 (1988) (Scalia, J, dissenting)).  Thus, the Committee Defendants would have no cause of action under Section 502(a)(3) against Wal-Mart for allegedly unpaid contributions to the Plan.

There are no other provisions of ERISA that would authorize the Committee Defendants to seek the relief against Wal-Mart that plaintiff apparently believes they should have sought (and breached their fiduciary duties by not seeking).  Notably, although Congress amended ERISA to authorize fiduciaries of multiemployer plans to sue employers for delinquent contributions under Section 502(g)(2), it did not extend that same authority to fiduciaries of single employer plans.  The conclusion is inescapable that fiduciaries of single employer plans like the Wal-Mart Plan here do not have any cause of action, whether express or implied, to sue a plan sponsor to collect allegedly unpaid contributions.  Applying the principle of *expressio unius est eclusio alterius* – that is, to express one thing is to exclude another – "it would do violence" to ERISA to hold that fiduciaries may bring a suit that is not expressly authorized by the statute. *NGS American, Inc. v. Jefferson*, 218 F.3d 519, 528 (6th Cir. 2000).  This analysis is in accord with the general view that "when legislation expressly provides a particular remedy, courts

should not expand the coverage of the statute to substitute other remedies." *National R.R. Passenger Corp. v. National Ass'n of R.R. Passengers*, 414 U.S. 453, 458 (1974).

Without any cause of action to sue Wal-Mart for allegedly unpaid contributions to the Plan, the Committee Defendants cannot have breached their fiduciary duties by not seeking that relief. Such a suit would not only lack merit, it also could only waste Plan resources and thus damage, rather than benefit, the Plan. Since plaintiff cannot state a claim against the Committee Defendants for not having brought suit against Wal-Mart and that is the premise of his complaint, the complaint should be dismissed as to them for failure to state a claim under which relief may be granted.

### B. The Individual Members of the Committee May Not Be Sued for Breach of Fiduciary Duty under ERISA.

The complaint should be dismissed as to the individual members of the Committee for failure to state a claim not only because they lack a basis to sue Wal-Mart under ERISA for allegedly unpaid contributions, but also because they are not fiduciaries of the Plan. Although plaintiff alleges that the individual Committee members are both named and *de facto* fiduciaries, there is no basis for this allegation in either the complaint or the Plan documents.

The first element of an ERISA breach of fiduciary claim is to establish "the defendant's status as an ERISA fiduciary acting as a fiduciary." *Burstein v. Ret. Account Plan for Employees of Allegheny Health Educ. & Research Found.*, 334 F.3d 365, 384 (3d Cir. 2003). A person may be named as a fiduciary in the plan under Section 405(c)(1) of the statute, 29 U.S.C. § 1105(c)(1), or be a *de facto* fiduciary under Section 3(21)(A), 29 U.S.C. § 1102(21)(A).

A person is a *de facto* fiduciary "only to the extent that he has any discretionary authority or discretionary responsibility in the administration of [the] plan." *Burstein*, 334 F.3d at 384 (citations and internal quotations omitted). "Fiduciary duties attach not just to particular persons, but to particular persons performing particular functions." *Id.* (citations and internal quotations omitted). Consistent with ERISA's functional definition of "fiduciary," the Court of Appeals for this Circuit has held that *de facto* fiduciary status does not automatically attach to individuals acting on behalf of a plan's named fiduciary; rather, those persons must "have *individual* discretionary roles as to plan administration" in order to be fiduciaries. *Confer v. Custom Eng'g Co.*, 952 F.2d 34, 36 (3d Cir. 1991) (emphasis in original).

The complaint does not allege that any member of the Committee is a named fiduciary or able to exercise individual discretion as to the Plan, that any delegation of fiduciary duties to individual Committee members occurred, or that Committee procedures were not followed. In short, there is nothing in the complaint to suggest that any of the unidentified members of the Committee exercised any individual discretionary authority or control over the Plan. Rather, the complaint advances the argument squarely rejected by *Confer* – that the committee members, solely by virtue of their membership on the Committee, are automatically fiduciaries of the Plan. *See* 952 F.2d at 36.

Nor is there any support in the Plan documents for plaintiff's allegation that the individual Committee members are named or *de facto* fiduciaries.[5] In the first instance, nowhere

---

[5] The Plan documents may properly be considered by the Court in ruling on the motion. *See Lum v. Bank of America*, 361 F.3d 217, 221 n.3 (3d Cir.), *cert denied*, 543 U.S. 918 (2004) (a court may consider "documents that form the basis of a claim" on a Rule 12(b)(6) motion to dismiss).

in the Plan is any individual committee member named as a fiduciary.  To the contrary, the Plan

provides that "[t]he **Committee** shall be the 'Named Fiduciary' of the Plan and generally shall be

responsible for the management, interpretation and administration of the Plan."  Exhibit E at

§ 9.1(b) (emphasis added).  Moreover, individual Committee members lack authority to act

under the Plan.  The Plan sets forth the responsibilities and procedures by which the Committee

***acting as a whole*** may manage the Plan and transact business.  *Id.* at § 9.3 ("No action shall be

taken except upon a majority vote of the Committee members."); § 9.6 (claims procedure); § 9.7

(claims review procedure).

Because the individual Committee members are neither named nor *de facto*

fiduciaries of the Plan under ERISA, the claims against them should be dismissed.

**IV.    IN ANY EVENT, PLAINTIFF MAY NOT PROCEED
DERIVATIVELY ON BEHALF OF THE PLAN ABSENT A
DEMAND OR ALLEGATION DEMONSTRATING THAT A
DEMAND WOULD BE FUTILE.**

Because this is an action "brought on behalf of the Plan" (Complaint at ¶ 3), it is a

derivative claim.  As with any derivative claim, plaintiff may not bring suit unless he has alleged

either that (1) he made a demand on the fiduciary to act or (2) a demand would be futile and

therefore is excused.  Even if the Committee Defendants had a cause of action against Wal-Mart

on behalf of the Plan for allegedly unpaid contributions – which, as demonstrated above, they do

not – the decision whether, when, and how to pursue such a cause of action would rest in the first

instance with the Committee as Plan fiduciary.  Plaintiff does not allege that he made a demand

on the Committee Defendants to bring suit, investigate Wal-Mart's alleged conduct, or take any

other action, or that a demand would have been futile and is thus excused.  Accordingly, he has

not alleged an essential element of his derivative claim and the complaint should be dismissed for failure to state a claim.

On the face of the complaint, plaintiff concedes that his claim is derivative, since it expressly is brought on behalf of the Plan (Complaint at ¶¶ 1, 3, 8) and seeks to recover losses allegedly suffered by the Plan as a whole (*id.* at ¶¶ 7-8, 89-90, 98).  The general requirement for a derivative claim is that it may be maintained only after the plaintiff has made a demand on the defendant or has demonstrated that a demand would have been futile.  Assuming solely for the sake of this argument that plaintiff is correct that the Committee Defendants could sue Wal-Mart on behalf of the Plan or take other action as to allegedly unpaid contributions, any such right to act would belong to those Defendants, and plaintiff may not himself assert it without satisfying the demand requirement.

The Court of Appeals for this Circuit has specifically recognized that the principles underlying the demand requirement apply to derivative claims under ERISA.  In *Struble*, the Court held that because future contributions inure to the benefit of a plan generally rather than to any individual beneficiary, the obligation to enforce employer contributions in a multiemployer plan "is the function, at least in the first instance," of the plan fiduciary.  732 F.2d at 337.  As the Court explained, "[t]he complexity of many trust fund management decisions [underscores] the need to allow the [fiduciaries] to make these decisions free from the second-guessing of less well-informed beneficiaries."  *Id.*

Although the Court did not need to reach in *Struble* the question of whether a demand is required (*see id.* at 338 n.13)), it unequivocally rested its holding on the same principles and sources that impose the demand requirement on derivative actions.  *See id.* at 337-38.  For

example, it relied on the general corporate law requirement that shareholders may not enforce a corporation's rights unless they first show that the directors of the corporation have wrongfully failed to protect those rights.  *See id.* at 337.  A few years later, the Court similarly held, based on traditional trust law doctrine, that "if a 'trustee holds in trust a contract right against a third person and the trustee improperly **refuses** to bring an action to enforce the contract, the beneficiaries can maintain a suit . . . against the trustee joining the obligor as co-defendant."  *McMahon v. McDowell*, 794 F.2d 100, 110 (3d Cir.), *cert. denied*, 479 U.S. 971 (1986) (emphasis added) (*quoting* 4 A. SCOTT, LAW OF TRUSTS § 282.1 at 2339 (1967)).

The Courts of Appeals in two other circuits have applied similar reasoning to hold that a demand is required when an ERISA plan participant seeks to recover delinquent contributions on behalf of a plan.  *See Diduck v. Kaszycki & Sons Contractors, Inc.*, 974 F.2d 270, 287 (2d Cir. 1992); *Thornton v. Evans*, 692 F.2d 1064, 1079-80 (7th Cir. 1982).  While these cases cited Rule 23.1 of the Federal Rules of Civil Procedure as a basis for imposing the demand requirement, they were based on the fact that the claims were derivative and a demand was therefore required as a matter of substantive (not just procedural) law.  Indeed, in *Diduck* the Second Circuit Court of Appeals expressly relied on *Struble* to conclude that a demand was required.  974 F.2d at 287 (*quoting Struble*, 732 F.2d at 337).

Enforcing the demand requirement before a suit may be brought based on allegedly unpaid contributions to the Plan is consistent with the common law of trusts, on which ERISA is based.  *Central States, Southeast & Southwest Areas Pension Fund v. Central Transp.*, 472 U.S. 559, 569 (1985) (duties under ERISA are based on the common law of trusts); *McMahon*, 794 F.2d at 110 ("traditional trust law doctrine" is "incorporated into ERISA").  Under that common law, actions for the collection of money owed to a trust – such as an action for allegedly

-22-

unpaid contributions – may not be brought by beneficiaries unless the trustee first refuses to sue: "if the trustee cannot or will not enforce the cause of action which he has against the third person, the beneficiary is allowed to enforce it by a suit in which the third person and the trustee are joined, in order that the claim may not be lost or prejudiced."  GEORGE GLEASON BOGERT & GEORGE TAYLOR BOGERT, THE LAW OF TRUSTS & TRUSTEES § 592 (2d ed. rev. 1980).  Such actions are derivative in nature, and as such they may proceed only "[i]f the trustee refuses to bring the action, *after demand* . . . ."  *Id.* at § 869 (emphasis added).

The discussion in Scott's LAW OF TRUSTS that was cited with approval by the Court of Appeals for this Circuit in both *Struble* (732 F.2d at 337) and *McMahon* (794 F.2d at 110) also establishes the need for a demand upon the trustee before a beneficiary may take action.  *See* 4 A. SCOTT, LAW OF TRUSTS § 282.1 (4th ed. 2001) (the "action should be in the name of the trustee; *if*, however, he *refuses* to sue, the beneficiary can sue . . . ") (emphasis added).  Accordingly, even if this Court were to hold that ERISA provided a potential action for the Committee Defendants to bring on behalf of the Plan (which, as demonstrated above, the statute does not), plaintiff may not step into these Defendants' shoes and prosecute such an action without first making a demand on them to do so, or without demonstrating that the demand requirement should be excused.  The complaint does not satisfy either of these prerequisites to suit.

Nowhere does plaintiff allege having made any demand upon the Committee Defendants to bring suit against Wal-Mart to recover allegedly unpaid contributions to the Plan resulting from alleged wage and hour violations by the company, or to investigate such alleged claims or take any other action.  The complaint does not plead any contact between plaintiff and the Committee Defendants on this subject, and there is no reasonable inference from any allegation that plaintiff ever made a demand of any sort.

Nor does the complaint allege any excuse for plaintiff's failure to make such a demand.  A demand may be excused only by a showing that going through the process would be futile.  To show futility, plaintiff must establish (1) that the fiduciaries lacked independence or had a personal stake in the action being taken, or (2) that reasonable doubt exists that the challenged transaction was a valid exercise of business judgment.  *Blasband v. Rales*, 971 F.2d 1034, 1048 (3d Cir. 1992).  The complaint does not allege futility any more than it alleges a demand.[6]

Not only does plaintiff fail to allege that a Plan fiduciary faced with a demand would not take appropriate action, but in fact the Committee has done just that, even without a demand.  The Committee has reasonably and prudently concluded that it should not now expend substantial Plan assets to duplicate the already ongoing wage and hour cases against Wal-Mart, which are the predicate under the complaint to recovery of additional contributions to the Plan.  Instead, the Committee has determined to monitor those cases and refrain from acting until they are finally resolved in favor of Plan participants, at which time it can determine whether it should pursue any claim or other remedy it may have as to Plan contributions.  In the meantime, to protect the interests of the Plan and its participants, the Committee has entered into an agreement

---

[6]    Plaintiff's conclusory allegations that the Committee Defendants knew or should have known that Wal-Mart was allegedly undercompensating its associates (*see* Complaint at ¶¶ 64, 66-67) fall far short of establishing that the fiduciaries were not independent or disinterested or would not have dealt with the issue of contributions to the Plan in a reasonable or prudent manner, such that a demand would be futile.  *See Twombly*, 127 S. Ct. at 1965 ("factual allegations must be enough to raise a right to relief above the speculative level"); *Poland v. Caldwell*, Nos. 89-645 & 89-1255, 1990 U.S. Dist. LEXIS 13634, at *9-11 (E.D. Pa. Oct. 12, 1990).

with Wal-Mart to toll the statute of limitations on any such claim or remedy.  *See* Exhibit F.[7]

This tolling agreement demonstrates the importance of the demand requirement that plaintiff

failed to satisfy here.

### CONCLUSION

The complaint is premature, fails to satisfy the pleading requirements, does not

state a substantive cause of action under ERISA, and fails to allege that a demand was made

upon the Committee and its members before suit was brought.  For all these reasons, as detailed

above, the Court should dismiss the complaint in its entirety with prejudice as to these

defendants.

Respectfully submitted,

 /s/ Deena Jo Schneider
Timothy K. Lewis (I.D. No. 32199)
Deena Jo Schneider (I.D. No. 20184)
Jennifer DuFault James (I.D. No. 65052)

*Attorneys for Defendants the*
*Wal-Mart Retirement Plans Committee*
*and its Members*

SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania  19103
(215) 751-2400

*Of Counsel*

Dated:  August 2, 2007.

---

[7]     The Court may take judicial notice of this tolling agreement because it would have been
provided to plaintiff had he proceeded as he should have and made a demand upon the
Committee to act.

-25-

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of August, 2007, I caused the foregoing

Memorandum in Support of Motion To Dismiss of Defendants the Wal-Mart Retirement Plans

Committee and its Members, which has been filed with the Court electronically and is available

for viewing and downloading from the ECF Electronic Case Filing system, to be served as

follows:

Todd S. Collins, Esquire
Ellen Noteware, Esquire
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA  19103-6365
     *(Via ECF Notification)*

Lynn Lincoln Sarko, Esquire
Keller Rohrback, LLP
1201 Third Avenue, Suite 3200
Seattle, WA  98101
     *(Via First Class Mail)*

Ronald Kilgard, Esquire
Keller Rohrback, P.L.C.
CBIZ Plaza
3101 North Central Avenue
Suite 1400
Phoenix, Arizona  85012
     *(Via ECF Notification)*

Ann Miller, Esquire
Ann Miller, LLC
The Benjamin Franklin
834 Chestnut Street, Suite 206
Philadelphia, PA  19107
     *(Via ECF Notification )*

     *Attorneys for Plaintiff Robert J. King, individually*
     *and on behalf of others similarly situated*

William J. Kilberg, Esquire
Paul Blankenstein, Esquire
GIBSON, DUNN & CRUTCHER, LLP
1050 Connecticut Avenue N.W.
Washington, D.C.  20036
    *(Via ECF Notification and First Class Mail)*

Joseph C. Kohn, Esquire
Craig W. Hillwig, Esquire
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA  19107
    *(Via ECF Notification)*

    *Attorneys for Defendant Wal-Mart Stores, Inc.*

    /s/ Deena Jo Schneider
    Deena Jo Schneider