IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT J. KING, individually and on behalf of others similarly situated, | : <br> : <br> : <br> : |
| *Plaintiff,* | CIVIL ACTION |
| v. | NO. 2:07-CV-01486-WY |
| WAL-MART STORES, INC., a Delaware Corporation; the Wal-Mart Retirement Plans Committee; and JOHN/JANE DOES 1-15, | : <br> : <br> : |
| *Defendants.* | : |

**REPLY MEMORANDUM OF DEFENDANTS
THE WAL-MART RETIREMENT PLANS COMMITTEE
AND ITS MEMBERS IN SUPPORT OF THEIR MOTION TO DISMISS**

Timothy K. Lewis (I.D. No. 32199)
Deena Jo Schneider (I.D. No. 20184)
Jennifer DuFault James (I.D. No. 65052)

*Attorneys for Defendants the
Wal-Mart Retirement Plans Committee
and its Members*

SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania  19103
(215) 751-2166

 *Of Counsel*

Dated:  October 9, 2007.

**TABLE OF CONTENTS**

ARGUMENT ................................................................................................................................1

    I.     Plaintiff's Claims Are Not Ripe Because They Are Entirely Dependent on the Favorable Resolution of Wal-Mart Associates' Wage and Hour Claims ..............................................................................................1

    II.    The Pleading Requirements of *Twombly* Apply to ERISA Cases and Are Not Satisfied Here ........................................................................2

    III.   Plaintiff's Purported ERISA Claims Against the Committee Defendants Are Unsupported by Law. ................................................................4

    IV.   A Demand Is Required in This Case by Controlling Substantive (as Opposed to Procedural) Law. .......................................................................6

CONCLUSION ............................................................................................................................7

## TABLE OF AUTHORITIES

**CASES** *Page*

*Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007) .......... 2

*Coan v. Kaufman*, 457 F.3d 250 (2d Cir. 2006) .......... 6

*Confer v. Custom Eng'g Co.*, 952 F.2d 34 (3d Cir. 1991) .......... 6

*Cress v. Wilson*, No. 06 Civ. 2727, 2007 U.S. Dist. LEXIS 42632 (S.D.N.Y. June 7, 2007) .......... 5

*Erickson v. Pardus*, 127 S. Ct. 2197 (2007) .......... 3

*McMahon v. McDowell*, 794 F.2d 100 (3d Cir.), *cert. denied*, 479 U.S. 971 (1986) .......... 7

*Philadelphia Fed'n of Teachers v. Ridge*, 150 F.3d 319 (3d Cir. 1998) .......... 2

*Struble v. New Jersey Brewery Employees' Welfare Trust Fund*, 732 F.2d 325 (3d Cir. 1984) .......... 6-7

*Tatum v. R.J. Reynolds Tobacco Co.*, No. 1:02CV00373, 2007 U.S. Dist. LEXIS 39801 (M.D.N.C. May 31, 2007) .......... 2-3

*Taylor v. United Tech. Corp.*, No. 3:06cv1494, 2007 U.S. Dist. LEXIS 57807 (D. Conn. Aug. 9, 2007) .......... 3

*Victaulic Co. v. Tieman*, No. 07-2088, 2007 U.S. App. LEXIS 20077 (3d Cir. Aug. 23, 2007) .......... 2

**STATUTES AND RULES**

29 U.S.C. § 1104(a)(1)(A) .......... 5

Federal Rule of Civil Procedure 23.1 .......... 6

**ARGUMENT**

Plaintiff's opposition to the Committee Defendants' motion to dismiss, like his complaint, fails to articulate how they could have breached their fiduciary duties in not taking action regarding Wal-Mart's contributions to the Plan, which plaintiff alleges are depressed as a result of its alleged undercompensation of associates – which Wal-Mart vigorously disputes and is litigating in various wage and hour lawsuits.  The Committee Defendants are not authorized by ERISA to sue to compel Wal-Mart to make contributions to the Plan in such circumstances, and plaintiff does not identify any other effective action they could have taken beyond the tolling agreement the Committee obtained from the company (which he conveniently ignores).  In short, plaintiff's opposition confirms that his complaint (1) is premature, (2) fails to satisfy Rule 8, (3) does not state a cause of action under ERISA, and (4) should be dismissed for lack of a demand.

### I. PLAINTIFF'S CLAIMS ARE NOT RIPE BECAUSE THEY ARE ENTIRELY DEPENDENT ON THE FAVORABLE RESOLUTION OF WAL-MART ASSOCIATES' WAGE AND HOUR CLAIMS.

Although plaintiff contends that his complaint sets forth an "independent factual basis" for his claims (Plaintiff's Mem. at 4), his allegations of breach of fiduciary duties under ERISA and resulting injury to the Plan are premised on the assumption that Wal-Mart underpaid its associates in violation of wage and hour laws.  Because that assumption is invalid absent a final resolution of associates' compensation claims against their employer, which has not yet occurred, plaintiff's claims should be dismissed as premature.

Plaintiff's own characterization of his claims demonstrates the fallacy of his position.  He describes the complaint as alleging that "'Defendants did not take sufficient steps to address **the problem**' arising from '**significantly decreased employee wage compensation**.'"  *Id*. at 4, 5, quoting Complaint ¶ 64 (emphasis added).  The injury he claims is that "the Plan suffered

the loss of retirement savings that should have been, but were not, paid to the Plan ***as a result of Wal-Mart's illegal underpayment and suppression of employee wages***." *Id*. at 6, citing Complaint ¶ 81(c) (emphasis added).  But neither plaintiff's complaint nor his opposition alleges a final determination or facts establishing the critical point that any associates are entitled to compensation that has not been paid.

Plaintiff also has not demonstrated any hardship that would result from withholding review, as is required to establish that his claims are ripe.  *See Philadelphia Fed'n of Teachers v. Ridge*, 150 F.3d 319, 323-25 (3d Cir. 1998).  His lament that dismissal would cause the Plan to "be forced to go uncompensated for losses incurred" (Plaintiff's Mem. at 6 n.3) is illogical:  without a predicate determination of wage and hour violations and underpayment of compensation, there can be no loss to the Plan.  The tolling agreement between Wal-Mart and the Committee confirms that dismissal will result in no hardship; should any wage and hour case be resolved against Wal-Mart, the Committee will have lost no available claim or remedy on behalf of the Plan.  *See* Committee Defendants' Motion Exhibit F.

## II.   THE PLEADING REQUIREMENTS OF *TWOMBLY* APPLY TO ERISA CASES AND ARE NOT SATISFIED HERE.

There is no basis for plaintiff's contention that the Rule 8(a) pleading requirements the Supreme Court established in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), are limited to antitrust cases and have "minimal" effect on ERISA litigation.  *See* Plaintiff's Mem. at 7.  The Court definitively held that its prior "no set of facts" pleading standard "has earned its retirement" and "is best forgotten."  127 S. Ct. at 1969.  This holding was not limited to the antitrust context, and lower federal courts have applied it in other contexts, including ERISA.  *See, e.g.*, *Victaulic Co. v. Tieman*, No. 07-2088, 2007 U.S. App. LEXIS 20077 (3d Cir. Aug. 23, 2007) (non-compete agreement); *Tatum v. R.J. Reynolds Tobacco Co.*,

No. 1:02CV00373, 2007 U.S. Dist. LEXIS 39801 (M.D.N.C. May 31, 2007) (ERISA breach of fiduciary duty).[1]  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) – in which the Court held that the plaintiff prisoner had pleaded sufficient facts and that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers" – neither undermines *Twombly* nor helps plaintiff in this case.

In fact, in the recent ERISA breach of fiduciary cases cited by plaintiff (*see* Plaintiff's Mem. at 8-9), the courts **applied** *Twombly* but held that the complaints satisfied its pleading standards, unlike the complaint here.  For example, in *Taylor v. United Technologies Corp.*, No. 3:06cv1494, 2007 U.S. Dist. LEXIS 57807 (D. Conn. Aug. 9, 2007), the court recognized that "a plaintiff is obliged to amplify a claim with some factual allegations . . . where such amplification is needed to render the claim plausible," and then held that the complaint was sufficient because the plaintiff had included specific allegations about the financial mismanagement and unreasonable investment fees and expenses that formed the basis for his fiduciary breach claim.  *Id*. at *6 (citation omitted).

In response to the Committee Defendants' argument that the complaint contains only naked assertions that stop short of demonstrating a plausible entitlement to relief, plaintiff merely quotes generalized allegations which lump all defendants together and largely parrot the language of ERISA.  See Plaintiff's Mem. at 10-11.  He points to no **specific factual allegation** of any breach of fiduciary duty by any individual Committee Defendant concerning **contributions to the Plan**.  The complaint should be dismissed because of this failure.

---

[1]   The early ERISA cases cited by Plaintiff that relied on the now-rejected "no set of facts" pleading standard provide no rationale for exempting these cases from the new standards announced in *Twombly*.  *See* Plaintiff's Mem. at 8.

### III. PLAINTIFF'S PURPORTED ERISA CLAIMS AGAINST THE COMMITTEE DEFENDANTS ARE UNSUPPORTED BY LAW.

Plaintiff claims that ERISA imposes some duty on the Committee Defendants to reach beyond existing Plan assets to collect additional contributions allegedly owed by Wal-Mart as Plan sponsor based on compensation that Wal-Mart disputes is owed its associates and that has not been finally determined to be owing. But plaintiff does not address and cannot rebut the Committee Defendants' arguments that none of the provisions of ERISA permitting suits by fiduciaries provides them the right to compel contributions in such circumstances. *See* Committee Defendants' Mem. at 15-17. Defendants cannot have breached a fiduciary duty to the Plan for failing to take action they are not authorized to take.

In an effort to avoid this reality, plaintiff presents a dissertation on the history of Section 515 of ERISA (which authorizes suits for contributions by fiduciaries of ***multi-employer*** plans, but does not extend that authority to fiduciaries of ***single-employer*** plans like the one here) and then asserts that the Committee Defendants can find the same authority to sue for contributions in Section 404(a)(1)(D). *See* Plaintiff's Mem. at 14. However, that provision only delineates a fiduciary's duty to act in accordance with the plan documents; it does not authorize the fiduciary of a single-employer plan to bring suit for contributions calculated on disputed and unpaid compensation. Nor do the Plan documents here authorize any fiduciary to seek contributions on such compensation or to determine whether associates have received all compensation they are owed. To the contrary, the "Compensation" to which contributions to the Plan are tied is defined in Section 1.10 as "the total salary, commissions, earnings or wages ***paid*** during any Plan Year . . . ." Wal-Mart Motion Exhibit 1 at 3 (emphasis added).

Plaintiff does not even attempt to counter the Committee Defendants' arguments that neither Section 502(a)(2) nor 502(a)(3) permits them to bring suit for contributions based on

-4-

unpaid compensation.  *See* Plaintiff's Mem. at 15.  Instead, he argues that these Defendants have "options" other than bringing suit, such as "investigat[ing]" the facts, or "ask[ing]" Wal-Mart "why the contributions are not being made," or "notify[ing]" participants or the Department of Labor of "the issue."  *Id.* at 14-15.  This argument extends far beyond recognized ERISA jurisprudence, which explains plaintiff's failure to cite a single case that supports it.[2]  The statute does not authorize a fiduciary to act as a super-auditor of a plan sponsor's compensation practices, and any such effort would be both unreasonable and inappropriate.

Under Section 404(a)(1)(A) of ERISA, a fiduciary is required to "discharge his duties with respect to a plan solely in the interests of the participants and beneficiaries . . . for the exclusive purpose of . . . providing benefits and defraying reasonable expenses of administering the plan."  29 U.S.C. § 1104(a)(1)(A).  Requiring the Committee Defendants to investigate Wal-Mart's wage and hour practices or to notify Plan participants of their potential compensation claims as employees (which they are better positioned to know than are the Committee Defendants) could only waste Plan resources.  An approach to Wal-Mart to obtain additional voluntary contributions would be futile in light of the company's vigorous defense of the wage and hour cases against it and the Committee Defendants' inability to follow up with a lawsuit.  The tolling agreement obtained by the Committee from Wal-Mart is a far more reasonable and prudent response to the situation and also fully protects the Plan by preserving any rights or

---

[2]  Plaintiff's reliance on *Cress v. Wilson*, No. 06 Civ. 2727, 2007 U.S. Dist. LEXIS 42632 (S.D.N.Y. June 7, 2007), is misplaced.  The plaintiffs in *Cress* alleged that funding owed by the company under ERISA to a defined benefit plan (as opposed to a defined contribution plan like the one here) had not been paid, and that the plan fiduciaries had breached their duty by failing to investigate and redress that underpayment.  *See id.* at *17.  Plaintiff here alleges something quite different – an underpayment of compensation to associates on which additional contributions to the Plan would be contingent, **not** an underpayment of contributions owed on paid compensation.

remedies the Committee may have concerning additional contributions should there be a future determination that associates are owed additional compensation.[3]

### IV. A DEMAND IS REQUIRED IN THIS CASE BY CONTROLLING SUBSTANTIVE (AS OPPOSED TO PROCEDURAL) LAW.

In asserting that a demand is not necessary because ERISA breach of fiduciary duty actions are not subject to Federal Rule of Civil Procedure 23.1 (*see* Plaintiff's Mem. at 23-24), plaintiff misses the Committee Defendants' point. Rather than seeking to apply the pleading requirements of Rule 23.1, the Committee Defendants contend that when an ERISA plan participant claims that a fiduciary failed to pursue contributions owed by a third party to the plan, a demand is required as a ***substantive*** matter based on the trust law principles underlying the statute and the law of this Circuit. *See* Committee Defendants' Mem. at 21-22.

Plaintiff by-passes Third Circuit precedent and instead asks this Court to follow the non-binding decision in *Coan v. Kaufman*, 457 F.3d 250 (2d Cir. 2006). Plaintiff's Mem. at 23-24. However, *Coan* alleged a breach of fiduciary duty not in failing to pursue a third party but in the direct mismanagement of plan investments. 457 F.3d at 253. It thus does not address the issue in this case: whether a participant suing on behalf of a plan may claim a breach of fiduciary duty in not taking action against a third party without first demanding that the fiduciary take action.

The Third Circuit has held, following traditional trust law, that taking action against a third party "is the function, at least in the first instance" of the plan fiduciary. *Struble v.*

---

[3] Plaintiff also argues that the individual members of the Committee are proper defendants based on decisions from other jurisdictions. *See* Plaintiff's Mem. at 18-20. However, the complaint fails to allege any individual discretion of any Committee member as to Plan administration as required in this Circuit by *Confer v. Custom Eng'g Co.*, 952 F.2d 34 (3d Cir. 1991). *See* Committee Defendants' Mem. at 19-20.

*New Jersey Brewery Employees' Welfare Trust Fund*, 732 F.2d 325, 337 (3d Cir. 1984); *see McMahon v. McDowell*, 794 F.2d 100 (3d Cir.), *cert. denied*, 479 U.S. 971 (1986). Thus, assuming *arguendo* that the Committee Defendants had some obligation to pursue Wal-Mart for contributions allegedly owed the Plan on unpaid compensation, the complaint should be dismissed for lack of a demand. That a demand would not have been futile is demonstrated by the tolling agreement that the Committee obtained to preserve its rights with respect to additional contributions until associates' entitlement to additional compensation is determined. Significantly, plaintiff does not contend that a demand would have been futile, or that the tolling agreement is an inadequate response in the circumstances.

## CONCLUSION

The complaint should be dismissed with prejudice as to the Committee Defendants.

Respectfully submitted,

 /s/ Deena Jo Schneider
Timothy K. Lewis (I.D. No. 32199)
Deena Jo Schneider (I.D. No. 20184)
Jennifer DuFault James (I.D. No. 65052)

*Attorneys for Defendants the
Wal-Mart Retirement Plans Committee
and its Members*

SCHNADER HARRISON SEGAL & LEWIS LLP
1600 Market Street, Suite 3600
Philadelphia, Pennsylvania  19103
(215) 751-2166

    *Of Counsel*

Dated:  October 9, 2007.

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of October, 2007, I caused the foregoing Reply Brief of Defendants the Wal-Mart Retirement Plans Committee and its Members, which has been filed with the Court electronically and is available for viewing and downloading from the ECF Electronic Case Filing system, to be served via ECF notification on the following:

Todd S. Collins, Esquire
Ellen Noteware, Esquire
Berger & Montague, P.C.
1622 Locust Street
Philadelphia, PA  19103-6365

Lynn Lincoln Sarko, Esquire
Keller Rohrback, LLP
1201 Third Avenue, Suite 3200
Seattle, WA  98101

Ronald Kilgard, Esquire
Keller Rohrback, P.L.C.
CBIZ Plaza
3101 North Central Avenue
Suite 1400
Phoenix, Arizona  85012

Ann Miller, Esquire
Ann Miller, LLC
The Benjamin Franklin
834 Chestnut Street, Suite 206
Philadelphia, PA  19107

*Attorneys for Plaintiff Robert J. King, individually
and on behalf of others similarly situated*

William J. Kilberg, Esquire
Paul Blankenstein, Esquire
GIBSON, DUNN & CRUTCHER, LLP
1050 Connecticut Avenue N.W.
Washington, D.C.  20036

Joseph C. Kohn, Esquire
Craig W. Hillwig, Esquire
KOHN, SWIFT & GRAF, P.C.
One South Broad Street, Suite 2100
Philadelphia, PA  19107

*Attorneys for Defendant Wal-Mart Stores, Inc.*

      /s/ Deena Jo Schneider
Deena Jo Schneider